[File No. 6911]

ISABEL CLARK, Appellant, v. R. M. STOUDT, Respondent.

(12 NW(2d) 708)

166

Opinion filed January 15, 1944

*Fredricks & Fredricks,* for appellant.

*Chase & Buck* and *Rittgers & Hjellum,* for respondent.

BURR, J. The defendant was the occupant of and had control over a certain lot in the city of Jamestown. While the plaintiff was walking

on the sidewalk in front of the lot, "she slipped and fell upon the ice-covered walk immediately in front and west of the defendant's place of business." Plaintiff alleges the said lot and sidewalk were rendered dangerous and unsafe for pedestrians and the public use because of its ice-covered condition, "which said icy condition had been wrongfully, carelessly and negligently permitted to accumulate and exist by the defendant as the occupant of the premises fronting thereon, and that such icy, slippery and dangerous condition of said sidewalk, in front of said place of business aforesaid, was the sole and proximate cause of the plaintiff's slipping and falling thereon, and that in so falling and slipping the plaintiff sustained a severe injury."

Plaintiff sets forth § 22, chap. 18, of the Ordinances of the City of Jamestown, which provides:

"Section 22. Snow, ice on sidewalks to be removed.

"The occupant of each and every lot or parcel of land, and the owner of each and every unoccupied lot or parcel of land, within the city adjoining any street, and along which sidewalks have been built, shall clear the sidewalks on or along such lots or parcels of land, of all accumulations of snow and ice, within two hours after the same has fallen or accumulated, or by two o'clock in the afternoon of the day following, if the same shall have fallen in the nighttime, and shall keep such sidewalks free from accumulations of snow and ice, provided that no person shall be required to clear such sidewalks during the continuance of a snow storm or on Sunday. In case the owner of any lot in the city refuses or neglects to remove from such sidewalk in front of or along any lot therein, the ice or snow therefrom within the time above stated, the same may be removed by the city, and the necessary expense shall be chargeable against the abutting lot or property, by special assessment thereof, in the manner prescribed by § 3696, N. D. Comp. Laws 13 and amendments."

In addition, plaintiff sets forth § 32 of the same chapter as follows: Section 32. Penalty. Any person who shall violate any of the provisions of this chapter, shall be liable to a fine of not less than One Dollar and not exceeding One Hundred dollars, or by imprisonment not to exceed thirty days, or by both such fine and imprisonment.

Plaintiff claims that this icy condition had existed for several days

"and that at the time the plaintiff fell . . . there was no snow storm in progress in said city and it was not Sunday . . .." Further, that immediately after the injury the defendant scattered sand and gravel on the sidewalk to make it safe for public travel.

The answer denies liability and alleges, among other things, that the accident was caused by the negligence of the plaintiff.

The case was tried to the court without a jury. The court found for the defendant and dismissed the action.

The plaintiff appeals and states in her brief that the validity of the judgment entered "depends on the question of the effect of the failure to comply with the duty prescribed by the city ordinance, on the part of the defendant, which failure of duty resulted in the injury and damage complained of and claimed in this action; or whether an action against an abutting possessor of property may be maintained, for injuries sustained on account of such abutting possessor's failure of duty prescribed by a lawful city ordinance."

The sole issue, therefore, is this: Assuming the defendant failed to remove the snow and ice, does this failure to comply with the mandate of the ordinance make him liable for the injury suffered by plaintiff and caused by the icy condition said to exist?

In determining this question, we are not unmindful that the trial court found there was no proof the defendant had any knowledge of the icy condition of the sidewalk at the time of the accident. We are not considering this factor for plaintiff's case rests fundamentally upon her contention that her action is based solely upon the failure of the defendant to comply with this ordinance and that therefore the knowledge or want of knowledge on the part of the defendant is immaterial.

Under the provisions of subdiv 14, § 3599 Comp. Laws, a city has the power "to require the owner or occupant of any premises to keep the sidewalks in front of or along the same, free from snow or other obstruction." Under the provisions of sub. 78 of the same section the city has the power to pass all ordinances necessary to carry such a power into effect and prescribe such fine or penalty which it deems proper within the limits prescribed by the statute. Because of this, appellant says that failure of the defendant to comply with the ordinance gives her a right of action against the defendant. She urges that the or-

dinance imposed a positive duty upon the defendant, that this ordinance was for the benefit of the city in its governmental capacity, and to guard the safety of pedestrians; that the failure to comply with the ordinance constitutes a breach of duty which amounts in law to a tort.

There is no claim that this sidewalk was on the property occupied by the defendant. It was on the street in front of his place. While there have been legislative enactments from time to time affecting the liability of municipalities for permitting dangerous conditions of sidewalks, so as to mitigate the effects of this responsibility by requiring proof of knowledge on the part of the officers as to the condition, etc., this state has never departed from the fundamental doctrine of the responsibility of the municipality for the condition which may exist because of the accumulation of snow and ice, etc.

The responsibility is that of the city, though the injured party may be required to bring himself within the legislative decree as to knowledge and proof of negligence on the part of the officials so as to distinguish the situation from that of an unavoidable accident.

The primary duty of a municipality to keep the sidewalks free of ice and snow is referred to in Jackson v. Grand Forks, 24 ND 601, 618, 140 NW 718, 724, 45 LRA (NS) 75; and therein we discourse on this liability of the municipality in cases where the municipality has adopted an ordinance imposing this duty upon the lot owners and making failure to do so an offense. (24 ND 622). Clearly, the municipality was not repudiating its responsibility by enacting such an ordinance; it was, in fact, recognizing it. A similar observation is made in New Castle v. Kurtz, 210 Pa 183, 59 A 989, 990, 69 LRA 488, 105 Am St Rep 798, 1 Ann Cas 943.

"At common law, neither the owner nor the occupant of premises abutting on the sidewalk was liable for injuries caused by the natural accumulation of snow or ice thereon." Massey v. Worth, 39 Del 211, 197 A 673. That this view of the primary liability of the municipality is the general rule is shown in Taylor v. Lake Shore & M. S. R. Co. 45 Mich 74, 7 NW 728, 40 Am Rep 457. The action in that case was based upon a statute giving the city council power to require the owner or occupant of abutting premises to keep them free from snow and ice and providing that the failure of the occupant to do so would make him

liable to the city for any damages which the city would have to pay. This clearly implied that the duty was upon the municipality but it could to a certain extent be shifted to an individual. Nevertheless, though the individual would be liable to the city, the court, in this Michigan case, holds that the duty of the occupant which existed in his relationship to the city was a duty to the public in general and not to an individual. See also New Castle v. Kurtz, supra; Rees v. Cobbs & M. Co. 131 Or 665, 283 P 1115; and note in 24 ALR 387 et seq.

The Supreme Court of Connecticut in Hartford v. Talcott, 48 Conn 525, 40 Am Rep 189, sets forth clearly the duties of a municipality and the occupant of an abutting lot toward a pedestrian injured upon the streets, owing to the accumulation of ice and snow. In this case cited, the court observed that the charter of the city of Hartford authorized the enactment of an ordinance such as is involved here. "The defendants who owned premises fronting upon a public street and sidewalk neglected beyond the time limited to remove snow and ice that had accumulated upon the walk and had rendered it unsafe, and a person passing by upon it fell and was injured, and afterwards recovered damages therefor from the city. In a suit brought by the city to recover the amount from the defendants, it was held that they were not liable." The Connecticut court said that the occupant of the abutting lot "owes no duty to the public in reference to the way except to remove from it all property of his own that obstructs it and to refrain from doing anything to render it unsafe for travelers. So far as defects in it result wholly from the operations of nature he is without responsibility for them. It was the duty of the city to keep its streets open and safe for public travel and this duty extended to that portion used exclusively by foot passengers. The provision of the charter authorizing the council to pass an ordinance for keeping the streets open and safe for public use did not give it power to transfer the responsibility for injuries caused by defects from the public to an individual not responsible for their existence. All it could do was to require each proprietor or occupant to assist the city in restoring the walk to a condition of safety, with a fixed and reasonable penalty for disobedience."

In Childers v. Deschamps, 87 Mont 505, 290 P 261, it is held: The performance of a city's duty to keep the sidewalks reasonably safe may

be delegated to the owners of the sidewalks adjacent to their premises.

To assist the city in performing its duty with reference to control over the sidewalks, it has been common practice, sustained by legislative authority, to require the owners or occupants of the adjacent lots to keep the sidewalks clear from the accumulation of snow and ice and to provide a penalty for violation of the ordinance.

The responsibility of the occupant is to the municipality. The occupant has no duty toward a pedestrian in such a case as the one at bar.

A breach of this duty, however, does not give to one injured while walking on the sidewalk a right of action against the owner or occupant any more than the breach of duty on the part of a street commissioner whose duty is to keep the sidewalks clean, would subject him to personal liability for an injury caused by his neglect.

The violation of such duty imposed by the ordinance constitutes negligence per se only when the duty is primarily that of the person sought to be held. "Negligence creates no cause of action unless it expresses or establishes breach of duty." Taggart v. Bouldin, 111 NJL 464, 168 A 570.

We are not dealing with a case where it is charged the occupant shoveled snow and ice upon the sidewalk. This is an ordinary case where in the winter some rain fell, then some snow, and the fall of temperature created an icy condition of the sidewalk. The defendant had no more connection with such atmospheric condition than did the plaintiff.

If the abutting owner discharged water or snow upon the sidewalk or permitted it to drip from his roof onto the sidewalk, we would have a different situation, but where the accumulation comes from natural causes the primary duty is upon the municipality which may by ordinance call upon the owners to assist it in the discharge of its municipal duties.

Appellant cites the cases of La Point v. Hodgins Transfer Co. 48 ND 1032, 188 NW 166, and Leidgen v. Jones, 46 ND 410, 179 NW 714, in support of her contention. An examination of these cases will show the rule set forth therein has no application to the facts at bar. The ordinance does not purport to create a liability on the part of the occupant, in favor of an injured person even if this could be done; and

where there is no liability there can be no action for damages.

Sewall v. Fox, 98 NJL 819, 121 A 669, 28 ALR 1357, sets forth the rule in such case as this, a rule which meets with our approval:

"Owners and occupants of property are not liable to a pedestrian for injuries resulting from a fall caused by slipping on snow and ice which, due to natural weather conditions, accumulated on the sidewalk in front of the property, notwithstanding an ordinance penalizing failure to remove such snow and ice."

Assuming the contention of the appellant that the defendant for several days had known of the condition of the sidewalk (contrary to the finding of the trial court) this knowledge on his part did not create any liability to the plaintiff.

We need not discuss the question of whether the city, even under a statute, could impose upon the occupants of adjoining places the duty of removing the accumulations of snow and ice in front of their premises so as to impose personal liability on individuals. The ordinance here imposes no such liability.

In her complaint plaintiff alleges that immediately after the accident the defendant removed the ice and the snow. Such action, however, is no proof of admission of responsibility on the part of the occupant. See Tiffany v. F. Vorenberg Co. 238 Mass 183, 130 NE 193, 14 ALR 222.

In this case, there is argument as to whether there was any liability on the part of the city under the facts set forth and what would be required before the liability would attach. However, we are not concerned with this feature. The city is not a party to the action. The judgment of the lower court is affirmed.

MORRIS, Ch. J., and BURKE, NUESSLE and CHRISTIANSON, JJ., concur.