**Roger F. LAHREN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. A3–76–96.**

United States District Court, D. North Dakota, Southeastern Division.

Oct. 26, 1977.

---

C. J. Serkland, Tenneson, Serkland, Lundberg & Erickson, Ltd., Fargo, N. D., for plaintiff.

Lynn E. Crooks, Asst. U.S. Atty., Fargo, N. D., for defendant.

## MEMORANDUM OF DECISION AND ORDER

BENSON, Chief Judge.

This action, which was tried to the court, was brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, to recover for injuries sustained by Plaintiff on January 30, 1975, in a fall on a ridge of snow along the outer edge of the sidewalk abutting the front of the United States Post Office in Fargo, North Dakota. Prior to bringing this action, Plaintiff filed an administrative tort claim with the General Services Administration, and this claim was denied on September 23, 1976.

In an action under the Federal Tort Claims Act, state law must be applied, making the United States liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. *See United States v. Muniz*, 374 U.S. 150, 152–53, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Boe v. United States*, 352 F.2d 551 (8th Cir. 1965).

The threshold question is whether the United States has a duty to remove snow and ice from the sidewalk abutting the Post Office. If a duty is found, it must then be determined whether the United States breached this duty.

The evidence discloses that Plaintiff drove from his place of employment to the Post Office at approximately 10:30 P.M. on January 30, 1975, to mail certain business letters. He parked in the only space available on the street in front of the Post Office.

There was a ridge of snow along the outer edge of the sidewalk, which Plaintiff testified was 24 to 36 inches high. Walkways were cut through the ridge at the crosswalks on both ends of the block and in the middle of the block in front of the Post Office doors. There was no pathway cut near the space in which Plaintiff had parked, and since, as Plaintiff testified, he was hesitant about walking down the busy street in the dark to a pathway, he chose to cross over the ridge of snow next to his car. Plaintiff further testified that he believed he could safely cross over the ridge because he had frequently seen others safely cross the piles, he had done so himself on other occasions, and he was wearing rubber overshoes at the time.

The federal government's ownership of the land on which the Post Office is situated extends up to, but does not include, the sidewalk. Norman Fosness, custodial foreman for General Services Administration in Fargo, testified by deposition that the practice has been to remove snow from the sidewalk in front of the Post Office as quickly as possible by sweeping it "off to the street" and leaving it there for the City of Fargo to remove. Fosness further testified that when there has been a heavy snowfall, the piles of snow might spill over onto the sidewalk, especially if the city has just plowed the snow from the street over to the curb for later removal.

The only evidence as to the location of the ridge of snow on January 30, 1975, was Plaintiff's testimony that the ridge was at least partially on the sidewalk.

The North Dakota statute on removal of snow and ice from sidewalks, N.D.C.C. § 40–29–18, provides:

> If snow and ice are not removed from sidewalks within the time and in the manner provided by the ordinance of the municipality, the snow and ice may be removed by or under the direction of the street commissioner and the necessary expense thereof shall be chargeable against the abutting property. Annually, on or before May first, the street commissioner shall make and file in the office of the

city auditor a list showing separately the amount chargeable and assessed against each lot and tract and stating the name of the owner of each lot or tract so far as known to him.

The corresponding municipal ordinance, Fargo City Ordinances § 18–0301, provides:

The owner or occupant of any building or grounds within the city fronting upon or adjoining any street, when a sidewalk exists, shall clear the sidewalk in front of or adjoining such building and grounds or unoccupied lot or building, as the case may be, of snow and ice to the width of such sidewalk on or before nine o'clock p.m.

If the owner or occupant shall refuse or fail to remove such snow and ice by nine o'clock p.m. of each day and cause the sidewalk to be kept clear of snow and ice, the superintendent of streets may remove, or cause to be removed, all snow and ice from the sidewalks along or in front of any buildings, grounds or premises, and the necessary costs and expenses of such removal of snow and ice by the superintendent of streets shall be chargeable and assessed against, and shall be a lien upon, the property and premises along or in front of which said snow and ice are so removed from the sidewalk by the superintendent of streets.

Further, Fargo City Ordinances § 18–0426 provides in part:

Snow which has been shoveled or removed from any sidewalk or driveway located upon any city street right of way may be deposited upon the boulevard, provided there is a boulevard adjacent thereto; if there is no adjacent boulevard, then such snow may be deposited on the actual street area itself, provided the snow is not piled in such a manner as to create a traffic hazard or to interfere in any manner with the vision or view of a driver of a motor vehicle at or near street intersections. It shall be unlawful to deposit any snow contrary to the provisions of this paragraph.

Plaintiff contends N.D.C.C. § 40–29–18 and Fargo City Ordinances § 18–0301 place a statutory duty upon the United States to clear the sidewalk of snow and ice.

The North Dakota Supreme Court, in *Clark v. Stoudt*, 73 N.D. 165, 12 N.W.2d 708 (1944), interpreted the purpose of N.D.C.C. § 40–29–18 and a corresponding ordinance similar to Fargo City Ordinances § 18–0301. In that case the plaintiff slipped and fell on an ice-covered sidewalk in front of a store, and sued the store owner on a theory of negligence, alleging that the store owner had breached a statutory duty by permitting ice to accumulate on the sidewalk. The court found that the duty to keep sidewalks free of ice and snow is primarily with the municipality and that the snow removal statute and corresponding ordinance were intended only as a method to compel adjacent landowners to assist the municipality in the performance of its duty. The court then reasoned that "[t]he responsibility of the occupant is to the municipality. The occupant has no duty toward a pedestrian in such a case as the one at bar." *Id.* at 710.

In two subsequent cases the North Dakota Supreme Court determined whether a landowner would be liable to one who is injured because of a snowy or icy condition on a sidewalk that is not merely a natural accumulation. The court held in *Strandness v. Montgomery Ward*, 199 N.W.2d 690 (N.D.1972), that an adjacent store owner, who constructed and maintained a canopy in such a manner that water dripped between the wall of the building and the canopy, creating an accumulation of ice on the sidewalk, would be liable to a pedestrian who was injured in a fall on the ice, when the owner had actual notice of the icy condition. The court further found that by erecting the canopy, the owner had made the area more inviting to shoppers and instilled a sense of security in pedestrians walking along the sidewalk under the canopy, and thus owned a duty to the public to maintain the canopy in such a manner that it would not create a dangerous condition on the sidewalk.

In *Johanson v. Nash Finch Company*, 216 N.W.2d 271 (N.D.1974), the court held that

922

a store owner could be liable to a pedestrian injured in a fall at the entryway to the store if the physical layout of the entryway encouraged the accumulation of ice where the entryway and sidewalk joined, thereby creating an unreasonably hazardous condition.

■ The thrust of these decisions is that a property owner has no duty under North Dakota law to a pedestrian to remove a natural accumulation of snow and ice from the sidewalk abutting his property, but if he creates an unnatural condition on the sidewalk that is unreasonably dangerous, he may be liable for injuries caused thereby to pedestrians on the sidewalk.

■ Therefore, it is clear that the United States had no duty to Plaintiff to remove ice and snow from the sidewalk. Nor, under the circumstances of this case, did the depositing of the snow along the outer edge of the sidewalk create an unnatural, unreasonably dangerous condition that could result in liability for Plaintiff's injury. The United States was merely complying with the city ordinances by removing accumulated snow so pedestrians could walk easily along the sidewalk and through the crosswalks. It makes no difference that the ridge of snow may have overlapped onto the sidewalk, since that fact would not have been a proximate cause of Plaintiff's injury. If the United States had fully complied with Fargo City Ordinance § 18–0426 by depositing the snow entirely upon the street, Plaintiff would still have been faced with the same obstacle and would have suffered the same injury.

IT IS ORDERED that judgment be entered dismissing Plaintiff's complaint.