Filed 1/14/04 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2004 ND 12

Tracy Paul Green, Plaintiff and Appellant

v.

Mid Dakota Clinic, Defendant and Appellee

No. 20030264

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Kent M. Morrow, Severin, Ringsak & Morrow, P.O. Box 2155, Bismarck, N.D. 58502-2155, for plaintiff and appellant.

Michael C. Waller, Fleck, Mather & Strutz, P.O. Box 2798, Bismarck, N.D. 58502-2798, for defendant and appellee.

Green v. Mid Dakota Clinic

No.  20030264

VandeWalle, Chief Justice.

[¶1] Tracy Paul Green appealed from a summary judgment dismissing his action for damages against Mid Dakota Clinic (“Clinic”), alleging it negligently allowed ice to accumulate on its sidewalk, resulting in Green sustaining injuries when he slipped and fell while attempting to transfer from a wheelchair into his car.  We hold the trial court incorrectly applied the law of  assumption of risk in dismissing the claim and we, therefore, reverse and remand for further proceedings.

I

[¶2] On March 12, 1999, a friend drove Green to the Clinic for treatment of severe back pain.  Green was taken by wheelchair to the basement of the Clinic for x-rays, and when the procedure was completed Green’s friend took him by wheelchair to the outdoor sidewalk area of the Clinic under an overhanging canopy.  The friend left Green sitting in the wheelchair unattended while she went into the Clinic to find someone to assist her in lifting Green into the car.  While she was gone, Green attempted to transfer himself from the wheelchair to the car.  While doing so, he slipped, landed on the ground, and sustained injuries.  

[¶3] Green sued the Clinic, alleging it negligently maintained its sidewalk area by leaving sand-covered ice on it, which Green failed to notice when he was attempting to get into the car until he slipped on it and fell to the ground.  The Clinic filed a motion for summary judgment, asserting Green’s injuries were the result of his own negligence.  For purposes of this motion, the Clinic conceded Green’s allegation that there was sand-covered ice on the sidewalk.  However, it asserts it was not negligent in maintaining the sidewalk, because it took reasonable steps to keep the area free from snow and ice and it heated the driveway area and sidewalk under the canopy throughout the winter months so that snow and ice would not accumulate there.  

[¶4] In granting the Clinic’s motion to dismiss the claim, the trial court stated:

The evidence before the Court establishes that the area of the incident was under a covered canopy, which is equipped with underground heating to prevent snow and ice accumulation.

Granting to [Green] every reasonable inference that a small accumulation of “black ice” did exist, [Green] was knowledgeable of the area, and more specifically, [his] need for physical assistance to transfer from a wheelchair to a motor vehicle. [Green’s] impatience in refusing to wait for the [Clinic’s] staff to facilitate that transfer, was an assumption by [Green] of the risk of fall in attempting the same.

IT IS THEREFOR THE DETERMINATION OF THIS COURT that reasonable people could come to but one conclusion, that [Green] knowingly assumed the risk of fall when attempting to transfer from a wheelchair to a motor vehicle without assistance.

IT IS THEREFOR THE ORDER OF THE COURT that the [Clinic’s] motion for summary judgment of dismissal with prejudice of the foregoing litigation is herewith granted.

On appeal from the summary judgment dismissing his claim, Green asserts the trial court committed reversible error in concluding that reasonable people could come to but one conclusion that he knowingly assumed the risk of falling when he attempted to transfer himself from the wheelchair to the car.  

II

[¶5] We review this appeal in the posture of summary judgment, which is a procedural device under N.D.R.Civ.P. 56 for prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result.  
Dahlberg v. Lutheran Soc. Servs. of N.D.
, 2001 ND 73, ¶ 11, 625 N.W.2d 241.  On appeal, we review the evidence in the light most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which  reasonably can be drawn from the evidence.  
Id.
  The party moving for summary judgment bears the burden of establishing there is no genuine issue of material fact and that, under applicable principles of substantive law, he is entitled to judgment as a matter of law.  
Skjervem v. Minot State Univ.
, 2003 ND 52, ¶ 4, 658 N.W.2d 750.  Whether the trial court properly granted summary judgment is a question of law which we review de novo on the entire record.  
Id.
 at ¶ 7.  

[¶6] Negligence and proximate cause are fact questions unless the evidence is such that reasonable minds can draw but one conclusion.  
Larson v. Kubisiak
, 1997 ND 22, ¶ 7, 558 N.W.2d 852.  Negligence cases are now governed by the doctrine of comparative fault.  N.D.C.C. ch. 32-03.2.  Consequently, assumption of risk is no longer an affirmative defense in North Dakota, but, rather, is one part of the analysis in determining comparative fault.  
Iglehart v. Iglehart
, 2003 ND 154, ¶ 17, 670 N.W.2d 343.  

[¶7] From the language used by the court in its decision, it appears the court may have misapplied the doctrine of assumption of risk in this case by making it an affirmative defense to the allegations of negligence, rather than one factor in determining comparative fault.  In its decision, the court decided that a reasonable person could come to but one conclusion that Green knowingly assumed the risk of falling.  As a consequence, the court summarily dismissed Green’s claim.  However, the court did not expressly hold that, as a matter of law, a reasonable person must conclude Green’s assumption of risk would make him more than fifty percent at fault and thereby preclude him from obtaining damages for the Clinic’s allegedly negligent conduct.  
See
 N.D.C.C. § 32-03.2-02.  Without such a definitive holding by the court, we conclude the court misapplied the law by treating assumption of risk as an all or nothing affirmative defense.  

[¶8] Green claims the Clinic was negligent in maintaining its sidewalk by allowing ice to accumulate on it.  Although the Clinic alleged it maintains a heated sidewalk to eliminate accumulations of snow and ice, it conceded, for purposes of this motion, ice had accumulated on the sidewalk.  The mere fact there is snow and ice upon a person’s sidewalk, does not establish negligence by that party.  
See
 
Skjervem v. Minot State Univ.
, 2003 ND 52, ¶ 10, 658 N.W.2d 750.  Landowners owe a general duty to lawful entrants to maintain their property in a reasonably safe condition under the circumstances, considering the likelihood of an injury to another, the seriousness of the injury, and the burden of avoiding the risk.  
Sternberger v. City of Williston
, 556 N.W.2d 288, 290 (N.D. 1996).  However, a landowner who constructs a canopy over a sidewalk upon his property owes a duty to the public to maintain it to provide a sidewalk free from artificial accumulations of water and ice.  
See
 
Strandness v. Montgomery Ward
, 199 N.W.2d 690, 692 (N.D. 1972).  

[¶9] In its complaint, Green asserts the Clinic was negligent “in failing to adequately light the area and to prevent the accumulation of ice or to protect patrons from slipping.”  While the allegation is generally broad and nonspecific we believe that, under the circumstances, it is sufficient to survive the Clinic’s motion for summary judgment.  The Clinic conceded for purposes of the summary judgment motion that ice was allowed to accumulate on the sidewalk, and the court did not hold, as a matter of law, that a reasonable person could reach but one conclusion that the Clinic was not negligent in maintaining the sidewalk or that Green’s assumption of risk in attempting to transfer from the wheelchair to the car would exceed the Clinic’s negligent conduct, if any. 

[¶10] We hold the trial court erred in applying the doctrine of assumption of risk in deciding the summary judgment motion and we, therefore, reverse the summary judgment of dismissal and remand for further proceedings.

[¶11] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Carol Ronning Kapsner

[¶12] The Honorable Mary Muehlen Maring, disqualified, subsequent to oral argument.