2006 ND 20

**Sheila PEREZ, Plaintiff and Appellant**

v.

**Ronnie NICHOLS, Defendant and Appellee.**

**No. 20050228.**

Supreme Court of North Dakota.

Jan. 31, 2006.

886

Collin P. Dobrovolny (argued), McGee, Hankla, Backes & Dobrovolny, Minot, N.D., and Samuel Kornhauser (on brief),

San Francisco, CA, for plaintiff and appellant.

Lolita G. Hartl Romanick (argued) and Kraig A. Wilson (on brief), Morley Law Firm, Ltd., Grand Forks, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Sheila Perez appeals the district court's grant of summary judgment in favor of Ronnie Nichols in the lawsuit Perez filed for injuries she suffered while she was a passenger in Nichols' van. On appeal, Perez argues there are questions of fact concerning whether Nichols kept a proper lookout while entering an intersection and whether Nichols was negligent for not having his van equipped with seat belts. Holding that no reasonable jury could conclude Nichols was negligent based on the facts of this case, we affirm.

I

[¶ 2] In May 1997, Perez was a passenger in a 1984 Dodge minivan owned and driven by Nichols. Perez testified at her deposition that she was sitting on the van's middle bench seat, which had no seat belts. Nichols testified in his deposition that when the traffic light at an intersection turned green, he followed two other cars into the intersection. Another car was traveling on the exit ramp that intersected the street Nichols was traveling on. That car ran a red light, entered the intersection, and crashed into Nichols' van. Perez testified the car was traveling at a high rate of speed, possibly 50 to 70 miles per hour. According to Perez, she had seen the car eight to ten car lengths away and warned Nichols. She contends she was thrown under the front seat and sustained serious injuries.

[¶ 3] Perez sued Nichols, claiming Nichols was negligent for not keeping a

proper lookout while entering the intersection and for not equipping his van with seat belts. Nichols moved for summary judgment. The district court granted Nichols' motion, concluding that no reasonable person could find Nichols negligent for following two other cars into an intersection with a green light and that he was not required to have the middle bench seat of his van equipped with seat belts.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 27–02–04 and §§ 28–27–01 through 28–27–02.

## II

[¶ 5] Perez argues summary judgment was inappropriate because there is a genuine issue of material fact concerning whether Nichols kept a proper lookout while entering the intersection. Rule 56(c), N.D.R.Civ.P., states, in part, "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Summary judgment

> is a procedural device under N.D.R.Civ.P. 56 for prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result.

*Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 5, 673 N.W.2d 257. The party moving for summary judgment must show that there are no genuine issues of material

fact and that the case is appropriate for judgment as a matter of law. *Id.* "On appeal, the evidence must be viewed in the light most favorable to the opposing party, and that party must be given the benefit of all favorable inferences." *Hurt v. Freeland*, 1999 ND 12, ¶ 7, 589 N.W.2d 551.

> The party resisting the motion may not simply rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact, and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact.

*Id.* at ¶ 8. "Mere speculation will not defeat a motion for summary judgment." *Ellingson v. Knudson*, 498 N.W.2d 814, 818 (N.D.1993). We review the district court's grant of summary judgment de novo, weighing the evidence in a light most favorable to the nonmoving party. *Makeeff v. City of Bismarck*, 2005 ND 60, ¶ 12, 693 N.W.2d 639.

## III

[¶ 6] To succeed in a negligence claim, the plaintiff must prove the defendant owed a duty to the plaintiff, the defendant failed to discharge that duty, and the plaintiff has suffered an injury that was proximately caused by the defendant's negligence. *Hurt*, 1999 ND 12, ¶ 11, 589 N.W.2d 551 (quoting *Diegel v. City of West Fargo*, 546 N.W.2d 367, 370 (N.D.1996)). The driver of an automobile has a duty to keep a proper lookout, and failure to discharge that duty is negligence. *Kelmis v. Cardinal Petroleum Co.*, 156 N.W.2d 710, 715 (N.D.1968).

[¶ 7] Negligence involves questions of fact and is generally inappropriate for summary judgment. *Fast v. State*, 2004 ND 111, ¶ 7, 680 N.W.2d 265.

When the evidence permits a reasonable fact-finder to reach only one reasonable conclusion, negligence becomes a question of law and is appropriate for summary judgment. *Id.* Summary judgment is appropriate when the nonmoving party cannot show a factual dispute on an element that the party must prove at trial. *Hurt,* 1999 ND 12, ¶ 8, 589 N.W.2d 551. When a nonmoving party does not bring forward any evidence on an element of the claim, it is assumed no evidence exists to support the element. *Collette v. Clausen,* 2003 ND 129, ¶ 8, 667 N.W.2d 617.

[¶ 8] Nichols was stopped at a red traffic light. The parties do not dispute that when the light changed to green, Nichols proceeded into the intersection behind two other cars. A vehicle traveling at a high rate of speed on the cross street ran the red light and crashed into Nichols' van. Perez testified she saw the car approximately eight to ten car lengths away and warned Nichols. Nichols testified he looked to see if the intersection was safe before entering it. Perez does not believe Nichols looked to see if the intersection was safe, because if he had, he should have seen the oncoming car. Perez also testified, however, that she does not know whether Nichols could have avoided the accident if he had seen the oncoming vehicle. She testified the impact occurred instantaneously after she yelled at Nichols. She did not know where Nichols was looking prior to the accident. The parties do not dispute that Nichols was not speeding or driving erratically. Perez also testified she does not believe Nichols was at fault for the accident.

[¶ 9] Examining these facts in a light most favorable to Perez, no reasonable jury could conclude Nichols was negligent. He had a green light. He followed two other cars into the intersection. Another car ran a red light and struck Nichols' van.

Nichols was not speeding or driving erratically. Perez could not identify what Nichols could have done to avoid the accident, and she does not believe the accident was his fault. Although negligence cases are generally inappropriate for summary judgment, no jury could conclude, under these facts, that Nichols breached his duty to keep a proper lookout or that Nichols proximately caused Perez's injuries. The district court did not err when it granted summary judgment in favor of Nichols.

IV

 [¶ 10] Perez also argues summary judgment is inappropriate because there is a genuine issue of material fact regarding whether Nichols was negligent for not having his van equipped with seat belts. She argues the district court erred when it concluded that Nichols could not be liable in tort for something he was not required to do under North Dakota law, specifically, equipping the van seat with seat belts. Nichols argues summary judgment was proper because the seat belt issue is relevant only to damages, not liability, and he had no duty to equip his van with seat belts other than the front seats under the laws of North Dakota.

[¶ 11] Perez testified the middle bench seat did not have any seat belts, but the seat in the far back of the van did have seat belts. Nichols testified there were some seat belts on the bench seats, but he could not recall which bench seat, the middle seat or the back seat. Thus, the parties do not dispute that there were seat belts available to use in the back of the van.

[¶ 12] Regardless of whether or not there is a duty on behalf of a vehicle owner to equip his vehicle with seat belts, Perez would not be able to prove Nichol's breached that duty. There were seat belts available for her to use, but she chose to

sit in a seat that was not equipped with seat belts. Nichols did not tell her to sit on that seat. She could have sat in the seat where seat belts were available for her to use. Because the undisputed evidence is that there were seatbelts available for her to use, there is no genuine issue of material fact, and Perez's claim fails as a matter of law. *Hurt,* 1999 ND 12, ¶ 8, 589 N.W.2d 551. We do not make any holding regarding whether an owner of a vehicle breaches any duties owed to a passenger by not equipping his vehicle with seat belts.

## V

[¶ 13] No reasonable jury could conclude that Nichols was negligent or caused Perez's injuries. Perez is also unable to prove Nichols breached a duty to equip his van with seat belts because there were seat belts available for her to use. The district court's grant of summary judgment was proper. We affirm the dismissal of Perez's case.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, concurring specially.

[¶ 15] A person driving a motor vehicle has a duty to keep a proper lookout and failure to do so is negligence. In this case, Perez claims she saw the other car eight to ten car lengths away traveling 50 to 70 miles per hour and yelled at Nichols. However, what is lacking in this case is evidence that even if Nichols had seen the other car when Perez saw it, he could have avoided the collision or taken any evasive action. Clearly, under our comparative fault law, a driver who enters an intersection on a green light may be found negligent if there is evidence that the driver had the opportunity to see and recognize

the failure of another driver to yield and had the opportunity to avoid the collision. Here, there is evidence the driver, Nichols, had the opportunity to see and recognize the failure of the other driver to yield the right-of-way, but there is no evidence that even had he kept a proper lookout, there was an opportunity to avoid the collision. It is the lack of that evidence that justifies the summary judgment.

[¶ 16] I, therefore, concur specially.

[¶ 17] Mary Muehlen Maring