2006 ND 58

**Annmarie BECKLER, Plaintiff and Appellant**

**v.**

**BISMARCK PUBLIC SCHOOL DISTRICT, Defendant and Appellee.**

**No. 20050195.**

Supreme Court of North Dakota.

March 29, 2006.

Steven L. Latham, Wheeler Wolf, Bismarck, ND, for plaintiff and appellant.

Mitchell D. Armstrong (argued) and Randall J. Bakke (on brief), Smith Bakke Porsborg & Schweigert, Bismarck, ND, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Annmarie Beckler appeals the district court's grant of summary judgment in favor of Bismarck Public School District ("Bismarck Public Schools"). She sued Bismarck Public Schools after she slipped and fell on stairs located at Rita Murphy Elementary. We affirm.

## I

[¶ 2] On January 28, 2003, at sometime between 12:30 and 12:45 p.m., Beckler and her husband went to Rita Murphy Elementary School to deliver some cookies to her daughter's classroom for her birthday. The children had just returned from noon recess. Beckler testified in her deposition that she walked through some snow as she approached the school's south entrance. When she entered, she wiped the snow off her shoes on the rug in the entry. While going down a set of stairs inside the building near the entrance, she slipped and fell, allegedly injuring herself. Beckler testified that after she fell and crawled back up the stairs to signal her husband, who was waiting outside, she noticed her pants were wet, although she does not know whether the moisture came from the stairs or from the rug in the entryway. Beckler testified she did not recall seeing water on the stairs after she fell. A custodian at the school stated by sworn affidavit that after Beckler fell, he checked for water on the stairs and found none.

[¶ 3] Beckler sued Bismarck Public Schools, claiming Bismarck Public Schools was negligent for failing to keep the stairs free of water that could make the stairs slippery. During discovery, Beckler deposed the school's principal, one of its custodians, and her daughter's teacher. All three testified water in the entryway and on the stairs was a common occurrence during the winter months. The teacher testified she had also slipped down the stairs once, but she believes the fall was her fault because her shoes were snowy and wet from cutting across the snow rather than walking on the cleared sidewalk.

[¶ 4] Bismarck Public Schools moved for summary judgment, arguing Beckler could not prove there was water on the stairs when she fell. Beckler resisted the motion, arguing the information gathered during discovery precluded summary judgment because there was a question of fact as to whether the stairs were wet. The district court granted Bismarck Public Schools' motion and dismissed the case.

[¶ 5] On appeal, Beckler argues the discovery gathered in the case precludes summary judgment because a question of fact exists as to whether the stairs were wet. Bismarck Public Schools argues summary judgment was appropriate because there is no specific evidence that there was water on the stairs.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 27–02–04 and §§ 28–27–01 through 28–27–02.

## II

[¶ 7] Rule 56(c), N.D.R.Civ.P., states, in part, "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judg-

ment as a matter of law." Summary judgment:

> is a procedural device under N.D.R.Civ.P. 56 for prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result.

*Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 5, 673 N.W.2d 257. The party moving for summary judgment must show that there are no genuine issues of material fact and that the case is appropriate for judgment as a matter of law. *Id.* "On appeal, the evidence must be viewed in the light most favorable to the opposing party, and that party must be given the benefit of all favorable inferences." *Hurt v. Freeland*, 1999 ND 12, ¶ 7, 589 N.W.2d 551. The party resisting the summary judgment motion cannot, however, merely rely on the pleadings, briefs, or unsupported and conclusory allegations. *Fast v. State*, 2004 ND 111, ¶ 6, 680 N.W.2d 265.

> The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.

*Peterson v. Zerr*, 477 N.W.2d 230, 234 (N.D.1991). The nonmoving party cannot rely on speculation and must present "enough evidence for a reasonable jury to find for the plaintiff." *Iglehart v. Iglehart*, 2003 ND 154, ¶ 10, 670 N.W.2d 343. This Court reviews the district court's grant of summary judgment de novo. *Makeeff v.*

*City of Bismarck*, 2005 ND 60, ¶ 12, 693 N.W.2d 639.

### III

[¶ 8] To succeed in a negligence claim, the plaintiff must prove that the defendant owed a duty to the plaintiff, the defendant breached that duty, and the plaintiff has suffered an injury that was proximately caused by the defendant's negligence. *Fast*, 2004 ND 111, ¶ 7, 680 N.W.2d 265. A landowner owes a duty of care to lawful entrants to keep its property in a reasonably safe condition, considering all the circumstances, which include "the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Makeeff*, 2005 ND 60, ¶ 25, 693 N.W.2d 639. That duty includes a responsibility to keep stairs safe from dangerous conditions that may cause someone to slip and fall. *See id.* at ¶¶ 25–28 (summary judgment was improper because a reasonable jury could have concluded that the defendant was on notice that its outdoor stairway was slippery and could have taken other measures to prevent a slippery stairway).

[¶ 9] Negligence involves questions of fact and is generally inappropriate for summary judgment. *Fast*, 2004 ND 111, ¶ 7, 680 N.W.2d 265. When the evidence is such that a reasonable factfinder can reach only one reasonable conclusion, however, negligence becomes a question of law and is appropriate for summary judgment. *Id.* Summary judgment is appropriate when the nonmoving party cannot show a factual dispute on an element that the party must prove at trial. *Hurt*, 1999 ND 12, ¶ 8, 589 N.W.2d 551. When a nonmoving party does not bring forward any evidence on an element of the claim, it is assumed no evidence exists to support the element. *Collette v. Clausen*, 2003 ND 129, ¶ 8, 667 N.W.2d 617.

[¶ 10] Beckler argues evidence obtained during discovery shows there should have been water on the stairs when Beckler fell. She fell sometime between 12:30 and 12:45 p.m. Her fall occurred almost immediately after the children had returned from noon recess at 12:35, using the south door. During the winter, the stairs are often wet after recess because of the children coming in from outside with snow on their shoes. The stairs are regularly mopped after the noon recess to remove the snow brought in by the children. Beckler's daughter's teacher had previously fallen on the stairs. Beckler had to crawl back up the stairs to signal her husband for help. After she crawled up the stairs, she noticed her pants were wet. Her pants could have become wet if she crawled up wet stairs, but they also could have become wet from her lying on a wet rug. Finally, Beckler's husband told her the stairs had water on them after he returned from getting help, although the water could have been from his own shoes because he had not wiped them off before going down the stairs.

[¶ 11] This evidence, however, becomes speculative in light of direct evidence that no water was on the stairs on the day she fell. Beckler testified she did not recall seeing water on the stairs. Although her pants were wet after she crawled back up the stairs, she does not know whether the moisture came from the stairs or from the rug at the top of the stairs. She wiped her feet on the rug before she fell, because she had tracked some snow in from outside, so her shoes were already wet. The custodians inspected the stairs after her fall and found no water on the stairs. No one else who used the stairs while attending to Beckler immediately after her fall had any trouble using them.

[¶ 12] Beckler has not met her burden of presenting competent evidence establishing the existence of water on the stairs when and where she fell. She speculates that since water is normally on the stairs after recess, there had to be water on the stairs after recess on the day she fell. No witness at the scene can state, however, that there was water on the stairs at the time of her fall. In fact, the custodian who inspected the stairs conclusively states the opposite: he checked for water after she fell and found none. Although Beckler claimed her husband observed water on the stairs, this claim is unsupported and not competent under N.D.R.Civ.P. 56 because her husband did not sign an affidavit nor was he deposed. Conclusory speculations regarding a scintilla of evidence are not sufficient to defeat a summary judgment motion. *Iglehart*, 2003 ND 154, ¶ 10, 670 N.W.2d 343. Therefore, Beckler's speculations and conclusions that there had to be water on the stairs because there often is after recess is insufficient to defeat Bismarck Public Schools' summary judgment motion without some proof that there was water on the stairs when and where she fell. Summary judgment is appropriate when the nonmoving party cannot show a factual dispute on an element that the party must prove at trial. *Hurt*, 1999 ND 12, ¶ 8, 589 N.W.2d 551. When a nonmoving party does not bring forward any evidence on an element of the claim, we assume no evidence exists to support the element. *Collette*, 2003 ND 129, ¶ 8, 667 N.W.2d 617. Because Beckler presents no evidence that Bismarck Public Schools allowed water to stand on the stairs, creating a danger of someone slipping, the element of breach fails and summary judgment is appropriate.

[¶ 13] Furthermore, Beckler did not establish that water on the stairs caused her fall and injuries. "A proximate cause is a cause which, as a natural and

continuous sequence, unbroken by any controlling intervening cause, produces the injury, and without which it would not have occurred." *Kimball v. Landeis*, 2002 ND 162, ¶ 7, 652 N.W.2d 330. Beckler has provided no evidence Bismarck Public Schools created a condition that caused her to slip. What the record does provide is first, that she tracked snow inside on her shoes and had to wipe her shoes on the rug at the top of the stairs, so her shoes were wet. Second, the school's principal testified in her deposition that Beckler was very apologetic after the fall, saying she was clumsy and she was sorry for being so clumsy. Although under North Dakota's comparative fault law provided for in N.D.C.C. § 32–03.2–02, Beckler's own negligence would not absolve Bismarck Public Schools of possible liability, she must present evidence that Bismarck Public Schools proximately caused her injuries. When a nonmoving party does not bring forward any evidence on an element of the claim, we assume no evidence exists to support the element. *Collette*, 2003 ND 129, ¶ 8, 667 N.W.2d 617. **Because no evidence supports that water on the stairs was a proximate cause of her fall, her negligence claim fails and summary judgment is appropriate.**

[¶ 14] The judgment of the district court is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.

KAPSNER, Justice, dissenting.

[¶ 16] I respectfully dissent.

[¶ 17] The trial court based its decision to grant summary judgment and dismiss the case on the determination that Beckler had not provided sufficient evidence to show there was water on the school steps.

In this case Beckler asserts that melted snow does accumulate on these steps from time to time and that BPS should have provided signs warning of that possibility. But the undisputed evidence is that BPS regularly mopped up any melted snow and that at the time of Beckler's fall on the steps there was no evidence of any melted snow being present. No deposition testimony of any witness, including Beckler, states that the steps were wet. Beckler herself testified that she wiped her shoes on the rug at the top of the landing before she stepped onto the steps. After her fall she testified she crawled back up to the landing to signal her husband who was waiting outside in their car. She did testify that her pants were wet, but she did not know if that wetness came from the steps or from the rug.

Becker's claim in her Complaint is that the stairs were wet and that they were wet as a result of melted snow and/or ice. Her expert's opinion is based on his understanding that the stairs were wet. Her only evidence that the stairs were wet is her conclusion that they get wet every day from 100s of children coming in and out that door from portable classrooms. Paraphrasing our Supreme Court in *Fast*, Beckler cannot "rely upon unsupported, conclusory allegations." Rather she "must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." The Court finds she has failed to do so.

Defendant's Motion for Summary Judgment is GRANTED and Beckler's Complaint is DISMISSED. Having so held, Plaintiff Annmarie Beckler's Motion to Amend Complaint is MOOT and is therefore DISMISSED.

[¶ 18] However, this places greater burden on Beckler than is permitted under

our laws on summary judgment. Whether there was water on the stairs is a fact material to this litigation. On appeal, we review the evidence in the light most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which reasonably can be drawn from the evidence. *Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 5, 673 N.W.2d 257.

[¶ 19] Beckler has submitted evidence from which a reasonable inference can be drawn that the steps were wet. Beckler testified she went to her child's school in January, shortly after the noon recess when the children had been outside. There was snow in the schoolyard which she crossed to get to the door she entered. Deposition testimony from the school's principal, from one of its custodians, and from her daughter's teacher indicated that water in the entryway and on the stairs was a common occurrence during the winter months. She testified she wiped her shoes on a rug when she entered. After her fall on the stairs, she testified that her pants were wet when she crawled back up the stairs to get her husband to assist her.

[¶ 20] This is all evidence from which a reasonable inference can be drawn that the steps were wet; this material fact is in issue because the school district asserts that those steps were not wet and provided evidence in support of its position.

[¶ 21] The majority opinion says that this evidence becomes "speculative in light of direct evidence that no water was on the stairs on the day she fell." Majority opinion at ¶ 11. That assertion is contrary to the jurisprudence that requires a reviewing court to give the non-moving party the benefit of all favorable inferences. *Makeeff v. City of Bismarck*, 2005 ND 60, ¶ 12, 693 N.W.2d 639. The majority recognizes that it is a reasonable inference that wet stairs caused her pants to get wet. "Her pants could have become wet if she crawled up wet stairs." Majority opinion at ¶ 10.

[¶ 22] The only reason given by the trial court for dismissing the action, that the stairs were not wet, can only be reached by failing to give Beckler the benefit of the favorable inferences of the testimony she provided. This was error.

[¶ 23] Perhaps as troubling, the majority opinion is written as if the trial court had made determinations which the trial court did not make. The majority opinion is written as if the trial court had made a determination that Beckler failed to present evidence that the school district had breached its duty to maintain its premises in a reasonably safe condition or failed to provide evidence that the school district created a condition that caused her to slip. Majority opinion at ¶ 13.

[¶ 24] The trial court did not comment on the quality of evidence relating to duty or proximate cause. On the narrow ground that the trial court did decide the motion, it did so contrary to the standards for granting summary judgment. I would reverse and remand for further proceedings. Therefore I dissent.

[¶ 25] Carol Ronning Kapsner