2003 ND 159

**Betty RUGGLES, Plaintiff and Appellant,**

v.

**James SABE, Defendant and Appellee.**

**No. 20030147.**

Supreme Court of North Dakota.

Oct. 23, 2003.

Michael J. Maus (argued), and Rhonda R. Ehlis (appeared), Hardy, Maus & Nordsven, Dickinson, for plaintiff and appellant.

Steven J. Wild, Sadowsky & Wild Law Office, Bowman, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Betty Ruggles appealed from a summary judgment dismissing her conversion and waste action against James Sabe, the holder of a life estate. Ruggles owns a one-third vested remainder in property located in Bowman County, North Dakota. Sabe currently holds a life estate, based on the life of a third party from whom he purchased the life estate, and a two-thirds vested remainder in the same property. Ruggles brought an action for conversion and waste when she discovered Sabe removed an airplane hanger from the property and converted it for his own use. Sabe counterclaimed asking the court to partition the property. The district court dismissed Sabe's counterclaim with prejudice and granted Sabe's motion for summary judgment dismissing Ruggles' complaint, stating a vested remainder is not a current possessory interest and Ruggles' claim was "premature." Ruggles appealed.

[¶ 2] Summary judgment is a procedural device for the prompt disposition of a controversy without trial when either one of the parties is entitled to judgment as a matter of law, and "no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving the disputed facts would not alter the result." *Earnest v. Garcia*, 1999 ND 196, ¶ 5, 601 N.W.2d 260 (citing *Smith v. Land O'Lakes, Inc.*, 1998 ND 219, ¶ 9, 587 N.W.2d 173). This Court reviews the evidence in the light most favorable to the non-moving party. *Earnest*, at ¶ 5 (citing *Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 15, 590 N.W.2d 454).

[¶ 3] We conclude the district court erred as a matter of law when it granted summary judgment dismissal in favor of Sabe. We reverse and remand for reconsideration in compliance with N.D.C.C. § 47–04–22. The applicable statute provides:

A person having an estate in fee, in remainder, or reversion may maintain an action for an injury done to the inheritance, notwithstanding an intervening estate for life or years and although after its commission the person's estate is transferred and the person has no interest in the property at the commencement of the action.

N.D.C.C. § 47–04–22. This statute provides a vested remainderman with a remedy against a life tenant who commits waste. Accordingly, Ruggles has a legal remedy against Sabe for any decrease in value of her interest sustained as a result of the building's removal. Further, N.D.C.C. § 47–02–33 specifically states, "[t]he owner of a life estate may use the land in the same manner as the owner of a fee simple, except that the owner of a life estate must do no act to the injury of the inheritance."

[¶ 4] The district court erred as a matter of law when it held a vested remainderman does not have an action for waste against the life tenant for the destruction of a building upon the property.

[¶ 5] The issue of whether a life tenant may remove structures in such a way as to diminish the value of the property is addressed in the Restatement, which provides:

Subject to exceptions ... the owner of an estate for life in possession or in reversion has a duty not to act upon the land in which his estate for life exists so that his conduct causes the market value of the interests limited after his estate for life to be diminished.

Restatement (First) of Real Property § 138 (1936). In the comments, the Restatement further explains, subject to certain exceptions, "the owner of an estate for life has a duty not to destroy or to remove structures which are located upon, and which add to the value of the land in which the estate for life exists." Restatement (First) of Real Property § 138 cmt. c (1936).

[¶ 6] Sabe removed the hanger from the property in which he holds a life estate and a two-thirds vested remainder. As a holder of a remainder interest, Ruggles protested the removal of the hanger. As the holder of the life estate, Sabe owed a duty to Ruggles, a remainderman. If removal of the hanger resulted in a diminishment of the remainder interest, then the remainderman is entitled to damages for waste. We make no determination of whether damages occurred; we hold only that on this record Ruggles has stated a cause of action under N.D.C.C. § 47–04–22.

[¶ 7] We reverse the summary judgment of dismissal and remand for further proceedings.

[¶ 8] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.