2006 ND 160

**John WITZKE, Plaintiff and Appellant**

v.

**The CITY OF BISMARCK, a North Dakota Municipal Corporation, Defendant and Appellee.**

No. 20060113.

Supreme Court of North Dakota.

July 18, 2006.

Rehearing Denied Aug. 16, 2006.

John Witzke, (on brief), pro se, Bismarck, ND, plaintiff and appellant.

Randall Bakke (on brief) and David R. Phillips (on brief), Smith Bakke Porsborg & Schweigert, Bismarck, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   John Witzke appeals from a district court judgment dismissing his lawsuit against the City of Bismarck ("City").   We affirm.

I

[¶ 2]   Witzke was charged with attempted criminal mischief when he entered his neighbor's yard with a shovel intending to damage his neighbor's security camera. Witzke believed his neighbors were spying on him.   A jury found Witzke guilty of

attempted criminal mischief. Witzke was sentenced to two days in jail, a fine of $400.00, 18 months of unsupervised probation, and ordered to take anger management classes. Witzke appealed his criminal conviction. We summarily affirmed in Witzke's direct appeal. *City of Bismarck v. Witzke*, 2005 ND 170, ¶ 2, 709 N.W.2d 21.

[¶ 3] Witzke then sued the City requesting $100,000.00 in damages. Witzke claimed the city attorney that prosecuted him lied and misled city officials, perjured himself in court, committed abuse of process, violated rules of professional conduct, and made defamatory statements. The City responded to Witzke's complaint by requesting a dismissal of the lawsuit claiming the City was immune from liability, the rules of professional conduct do not provide a basis for relief, and collateral estoppel barred his claim. The City also requested an award of attorney fees for defending a frivolous lawsuit. The district court dismissed the case with prejudice concluding: "Witzke's action against Bismarck is clearly barred by collateral estoppel as he is simply trying to get around his conviction which was affirmed." In a later order, the district court awarded the City $500.00 for attorney fees and costs.

[¶ 4] On appeal, Witzke alleges the district court erred in dismissing his complaint because he can prove numerous individuals made misleading and false statements. The City responds arguing the district court properly dismissed Witzke's lawsuit and that this Court should award costs and attorney fees for having to defend a frivolous appeal.

## II

■ [¶ 5] Although the City's motion to dismiss referenced N.D.R.Civ.P. 12, on appeal, the City argues this case should be treated as dismissed under N.D.R.Civ.P. 56, because Witzke presented exhibits that were outside the pleadings. Under N.D.R.Civ.P. 12(c): "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."

[¶ 6] Witzke did present exhibits that were outside the pleadings. The district court did not explicitly exclude those exhibits. Because the district court received exhibits that were outside pleadings, we consider the issues raised in this appeal in the posture of summary judgment. *Livingood v. Meece*, 477 N.W.2d 183, 187 (N.D. 1991); *Miller Enterprises, Inc. v. Dog N' Cat Pet Centers of America, Inc.*, 447 N.W.2d 639, 642 n. 4 (N.D.1989).

■ [¶ 7] Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that reasonably can be drawn from the undisputed facts, or if the only issues to be resolved are questions of law. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 9, 699 N.W.2d 45. A party moving for summary judgment must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. *Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 5, 673 N.W.2d 257. On appeal, we view the evidence in the light most favorable to the opposing party, and that party must be given the benefit of all favorable inferences. *Ruggles v. Sabe*, 2003 ND 159, ¶ 2, 670 N.W.2d 356. We review a district court's decision to grant summary judgment de novo on the entire record. *Fetch v. Quam*, 2001 ND 48, ¶ 8, 623 N.W.2d 357.

■ [¶ 8] The district court concluded this case could be dismissed because the doctrine of collateral estoppel barred all of Witzke's claims. Through the doctrines of

res judicata and collateral estoppel, courts bar relitigation of claims and issues to promote the finality of judgments, which increases certainty, discourages multiple litigation, wards off wasteful delay and expense, and conserves judicial resources. *Riemers v. Peters–Riemers*, 2004 ND 153, ¶ 9, 684 N.W.2d 619. We recently explained in *Simpson v. Chicago Pneumatic Tool Co.*, 2005 ND 55, ¶ 8, 693 N.W.2d 612:

> Although collateral estoppel is a branch of the broader law of res judicata, the doctrines are not the same. Res judicata, or claim preclusion, is the more sweeping doctrine that prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction. On the other hand, collateral estoppel, or issue preclusion, generally forecloses the relitigation, in a second action based on a different claim, of particular issues of either fact or law which were, or by logical and necessary implication must have been, litigated and determined in the prior suit.

[¶ 9] We have delineated a four-part test to determine whether collateral estoppel will bar relitigation of a fact or issue involved in an earlier lawsuit: "(1) Was the issue decided in the prior adjudication identical to the one presented in the action in question?; (2) Was there a final judgment on the merits?; (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?; and (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?" *Hofsommer v. Hofsommer Excavating*, 488 N.W.2d 380, 384 (N.D.1992).

[¶ 10] The only question in this case is whether the same issues were decided in the previous criminal proceeding.

The City has the burden of establishing that the issue sought to be foreclosed from consideration in the second case was resolved in the City's favor in the prior proceeding. *State v. Lange*, 497 N.W.2d 83, 85 (N.D.1993).

[¶ 11] Witzke's complaint appears to have alleged four separate causes of action: (1) abuse of process, (2) perjury, (3) violation of the rules of professional conduct, and (4) defamation. To determine whether collateral estoppel applies, we must ascertain what facts were necessarily decided in the previous case and then determine whether Witzke is attempting to relitigate the same facts. Witzke's civil complaint alleged in part:

> 5. Prosecutor for the City of Bismarck Paul Fraase maliciously and deliberately misused the court process to secure an unfounded criminal conviction against the Plaintiff. As a result there has been an "Abuse of Process". The City of Bismarck led by Paul Fraase pursed [sic] a criminal complaint when there was no justification or sufficient evidence.

> 6. Prosecutor for the City Paul Fraase knowingly misled the mayor, city administrators and city commissioners about these spying security cameras. Paul Fraase knowingly misled Judge Riskedalh [sic] and the Jurors with false and misleading evidence. He did this verbally, with written letters and by producing false courtroom exhibits.

> 7. Paul Fraase allowed the City of Bismarck witnesses to lie under oath by asking questions that he knew would lead to perjured testimony.

Our summary dismissal of Witzke's criminal appeal stated:

> Witzke argues that the trial judge was biased against him, did not respond to his pretrial motion, and allowed the

prosecutor to go beyond the scope of the trial in his examination of witnesses. Witzke also argues the prosecutor presented a case that was misleading and asked questions of witnesses he knew would result in false or misleading answers.

*City of Bismarck v. Witzke*, 2005 ND 170, ¶ 1, 709 N.W.2d 21. We concluded his arguments in his criminal appeal were frivolous and completely without merit. *Id.* at ¶ 2. Witzke is attempting to relitigate the same issue that was previously decided by this Court. We conclude Witzke's claim of abuse of process is collaterally estopped.

[¶ 12] We cannot say, however, that collateral estoppel applies to Witzke's remaining three claims. Nevertheless, the district court reached the correct result in dismissing the claims although the district court did not fully articulate the appropriate rationale.

[¶ 13] Two of Witzke's allegations do not create a private cause of action. In *Riemers v. Peters–Riemers*, 2004 ND 153, ¶ 23, 684 N.W.2d 619, we held there is no private cause of action for perjury in North Dakota because the proper remedy for perjury is a criminal action prosecuted by the State. In *Olson v. Fraase*, 421 N.W.2d 820, 828 (N.D.1988), we held a violation of the rules of professional conduct does not itself form the basis of a claim for relief against a wrongdoing attorney.

[¶ 14] Witzke's remaining complaint appears to be for defamation. Witzke's complaint states he has "endured defamation of his character." To be defamatory, a statement must be false. *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Twp.*, 2002 ND 140, ¶ 33, 651 N.W.2d 625. Witzke alleges Fraase misled city officials. To the extent any communications occurred outside the litigation process, Witzke has presented no competent evidence that statements made by the city prosecutor were false. He has not shown that evidence exists on an essential element of his claim on which he would bear the burden of proof at trial. *Jacob v. Nodak Mut. Ins. Co.*, 2005 ND 56, ¶ 11, 693 N.W.2d 604. Witzke's brief relies heavily on a picture from his neighbor's backyard which he believes proves his case. The jury rejected his evidence and allegations of falsity.

[¶ 15] Assuming Witzke could prove false statements were made, he still would not have a viable claim against the City because any statement made during the course of the criminal prosecution would be privileged communication. An individual is not liable for defamatory statements if the statements are privileged. *Rykowsky v. Dickinson Pub. Sch. Dist. # 1*, 508 N.W.2d 348, 351 (N.D.1993). A communication is absolutely privileged if made "in the proper discharge of an official duty" or if made "in any legislative or judicial proceeding or in any other proceeding authorized by law." N.D.C.C. § 14–02–05(1), (2). An absolute privilege applies to those situations where the importance of the unrestricted exchange of information is so great even defamatory statements made with actual malice are privileged. *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 78 (N.D.1991). We conclude any "defamatory" statements made by the city prosecutor were privileged communication because the statements were made while the city prosecutor was discharging his official duty during a judicial proceeding.

[¶ 16] Even if statements made by the city prosecutor were not privileged, the city prosecutor would be immune from liability for initiating and pursuing the criminal charge. Prosecutors may be entitled to either absolute or quali-

fied immunity from civil liability for actions undertaken in accordance with their official duties. *The Perry Center, Inc. v. Heitkamp,* 1998 ND 78, ¶ 45, 576 N.W.2d 505. In *The Perry Center, Inc.,* this Court recognized that criminal prosecutors are absolutely immune from civil liability for actions taken in their role as quasi-judicial officers. *Id.* Relying on United States Supreme Court precedent, we stated:

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.... Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

*Id.* (citing *Imbler v. Pachtman,* 424 U.S. 409, 424–25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

[¶ 17] We recognized that absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the State's case at trial, and other conduct intimately associated with the judicial process, but that prosecutors have only the protection of qualified immunity when functioning in the role of an administrator or investigative officer rather than in the role of an advocate. *Id.* The procedural difference between the two immunities is significant. *Id.* Absolute immunity defeats a suit at the outset, while an official with qualified immunity must establish his or her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

[¶ 18] We determine the city prosecutor is absolutely immune from civil liability because Witzke is suing the City for the "initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct intimately associated with the judicial process." *The Perry Center, Inc.,* 1998 ND 78, ¶ 45, 576 N.W.2d 505.

### III

[¶ 19] The City requests sanctions for defending a frivolous appeal. Under N.D.R.App.P. 38, if this Court determines an appeal is frivolous, "damages and single or double costs, including reasonable attorney's fees" may be awarded. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith. *Riemers v. O'Halloran,* 2004 ND 79, ¶ 16, 678 N.W.2d 547. Witzke has already been sanctioned $500.00 by the district court. We decline to award further sanctions.

### IV

[¶ 20] We affirm the judgment of dismissal.

[¶ 21] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.