2008 ND 41

**Patricia A. SABO, Kathleen A. Varty, and Kent J. Keidel, Plaintiffs and Appellants**

v.

**Gene W. KEIDEL and Scott J. Keidel, Defendants and Appellees.**

**No. 20070206.**

Supreme Court of North Dakota.

March 3, 2008.

H. Malcolm Pippin, Nilles, Ilvedson, Plambeck & Selbo, Ltd., Williston, N.D., for plaintiffs and appellants.

Bruce A. Selinger, Kubik, Bogner, Ridl & Selinger, Dickinson, N.D., for defendants and appellees.

MARING, Justice.

[¶ 1] Siblings Patricia Sabo, Kathleen Varty, and Kent Keidel ("Sabos") appeal an amended judgment granting summary judgment to their brothers, Gene Keidel and Scott Keidel ("Keidels"), and dismissing their claims with prejudice. The underlying dispute between the Sabos and the Keidels involves an irrevocable trust established in 1985 by their parents, Vernon and Arlys Keidel, the corpus of which is real property ("trust lands").

[¶ 2] The Sabos argue summary judgment was improper because the trust instrument creating the trust at issue is ambiguous. We conclude the trust instrument unambiguously grants Gene Keidel and Scott Keidel life estate interests in the trust lands. We, therefore, affirm the amended judgment granting the Keidels' motion for summary judgment.

I

[¶ 3] The trust instrument designates Vernon and Arlys Keidel, both of whom are now deceased, as trustors. Gene Keidel and Scott Keidel are designated as trustees. The trust instrument states, "Both Trustors and Trustees shall have a life estate on the Trust Lands." The trustees are instructed to "determine the method of deriving the earnings from the land . . ., handle the payment of debts, . . . mortgage and invest and to disperse all income." A quitclaim deed was registered conveying the real property to the trust. The life estates granted in the trust instrument are not mentioned in the registered quitclaim deed.

[¶ 4] The named beneficiaries of the trust are Vernon Keidel, Arlys Keidel, Kent Keidel, Jesse Keidel, Gene Keidel, Scott Keidel, Mary Mack, Patricia Sabo, and Kathleen Varty. The trust provides that the share of a primary beneficiary who dies will revert to the remaining beneficiaries. The sole remaining beneficiary is to dispose of the trust estate and divide the proceeds among the living children of the original beneficiaries. The beneficiaries are "to share equally in the corpus of the Trust."

[¶ 5] In the time since their parents' deaths, Gene Keidel and Scott Keidel have been occupying the trust lands and retaining any profits generated from the trust lands. The Sabos filed a complaint in district court, seeking relief including the removal of Gene Keidel and Scott Keidel as trustees, damages for amounts owed under the trust, and the completion of financial statements and accountings. At the district court, the Sabos alleged that Gene Keidel and Scott Keidel do not have life estate interests in the trust lands. The Sabos also maintained that the trust entitles all beneficiaries to share in the income from the trust lands, including any income generated before the deaths of Gene Keidel and Scott Keidel. The Keidels moved for summary judgment. At the motion hearing, the Sabos argued that the claim should survive the motion for summary judgment because the trust instrument is ambiguous.

[¶ 6] The district court partially granted the Keidels' motion for summary judgment, concluding the trust instrument is unambiguous and Gene Keidel and Scott Keidel were not unjustly enriched. The initial judgment dismissed portions of the case without prejudice. The parties requested that the district court enter an amended judgment dismissing the entire case with prejudice. The district court dismissed the Sabos' case in its entirety with prejudice and entered an amended judgment. The Sabos appeal.

II

[¶ 7] The issue in this case is whether the district court erred by grant-

ing the Keidels' motion for summary judgment. "Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Zuger v. State,* 2004 ND 16, ¶ 7, 673 N.W.2d 615. Summary judgment is appropriate when either litigant is entitled to judgment as a matter of law. N.D.R.Civ.P. 56(c). Whether a district court properly granted summary judgment is a question of law we review de novo. *Duemeland v. Norback,* 2003 ND 1, ¶ 8, 655 N.W.2d 76. On appeal, the party opposing the motion for summary judgment is given the benefit of all favorable inferences that can reasonably be drawn from the evidence. *Kondrad v. Bismarck Park Dist.,* 2003 ND 4, ¶ 4, 655 N.W.2d 411.

III

[¶ 8] The Sabos argue summary judgment was improper because the trust instrument is ambiguous. The Keidels argue summary judgment was proper because this case presents no issues of material fact. Whether a trust instrument is ambiguous is a question of law fully reviewable on appeal. *Matter of Estate of Schmidt,* 1997 ND 244, ¶ 13, 572 N.W.2d 430. Our primary objective in construing a trust instrument is ascertaining the settlor's intent. *Id.* "When a trust instrument is unambiguous, the settlor's intent is ascertained from the language of the document itself." *Id.*

[¶ 9] The Sabos argue that the sentence, "Both Trustors and Trustees shall have a life estate on the Trust Lands," is ambiguous. The Keidels contend, however, that the trust unambiguously gives Gene Keidel and Scott Keidel life estate interests in the trust lands. We agree with the Keidels. The sentence, "Both Trustors and Trustees shall have a life estate on the Trust Lands," unambiguously grants a life estate in the trust lands to the "Trustors and Trustees." The trust instrument designates Vernon and Arlys Keidel, both of whom are deceased, as trustors and Gene Keidel and Scott Keidel as trustees. Therefore, as trustees, Gene Keidel and Scott Keidel each have a life estate interest in the trust lands.

[¶ 10] The Sabos further argue that the quitclaim deed creates an ambiguity in the trust instrument because it does not mention the life estates. This argument must fail because the deeds are extrinsic evidence, and extrinsic evidence is not admissible to contradict the terms of an unambiguous trust instrument. *See Eckes v. Richland County Social Services,* 2001 ND 16, ¶ 8, 621 N.W.2d 851 (holding the settlor's intent is to be ascertained from the language of the trust document when it is unambiguous); *Duemeland,* 2003 ND 1, ¶ 12, 655 N.W.2d 76 (holding if the language of a will is unambiguous, the testator's intent must be determined from that language without resort to extrinsic evidence).

[¶ 11] Additionally, the Sabos argue that paragraphs four and five of the trust instrument are irreconcilable because a beneficiary could receive nothing if he or she is survived by Gene Keidel or Scott Keidel. Thus, they maintain the trust is ambiguous. The fact that trust beneficiaries may never have an interest in the trust corpus if they fail to survive the trustees does not create an ambiguity. The Sabos' belief that the trustors wanted to leave a greater interest in the trust lands and profits therefrom to the trust beneficiaries does not create an ambiguity precluding disposition of the matter on summary judgment.

[¶ 12] The Sabos further contend the words "Trustees shall ... disperse all income" reflect their parents' intention to have all of the children share equally in the profits of the trust lands. The Sabos claim the trustors did not intend to give Gene Keidel and Scott Keidel the income from the trust lands during their lifetimes. The Keidels assert they have no obligation to disperse any profits from the land to other trust beneficiaries during their lifetimes. Again, we agree with the Keidels. As holders of life estates in the trust property, Gene Keidel and Scott Keidel are able to use the trust lands in the same manner as owners in fee simple, except they cannot act to the injury of the inheritance. *See* N.D.C.C. § 47-02-33; *Ruggles v. Sabe,* 2003 ND 159, ¶ 3, 670 N.W.2d 356. A life estate holder's interest in property includes both the right to possession and use including the right to profits generated by the property during the tenant's life. *Schroeder v. Buchholz,* 2001 ND 36, ¶ 21, 622 N.W.2d 202. Therefore, Gene Keidel and Scott Keidel's interest in the trust lands extends to income and profits generated by the trust lands during their lifetimes, and the trust instrument imposes no obligation to share the income or profits with other trust beneficiaries.

IV

[¶ 13] The trust instrument is not ambiguous as to the life estate interests of Gene Keidel and Scott Keidel; absent any ambiguity, there is no question of material fact which would preclude the case from being disposed of via summary judgment. We conclude the trust instrument unambiguously grants Gene Keidel and Scott Keidel life estate interests in the trust lands. As holders of life estates, they are entitled to profits from the trust lands during their lifetimes. We, therefore, affirm the amended judgment granting the Keidels' motion for summary judgment.

[¶ 14] GERALD W. VANDE WALLE, C.J., ROBERT W. HOLTE, S.J., CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

[¶ 15] The Honorable ROBERT W. HOLTE, S.J., sitting in place of CROTHERS, J., disqualified.