Filed 9/18/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 169

State of North Dakota, Plaintiff and Appellee

v.

John F. Witzke, Defendant and Appellant

No. 20090068

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Per Curiam.

Julie A. Lawyer (on brief), Assistant State’s Attorney, and Lloyd Clayton Suhr, Assistant State’s Attorney (argued), Courthouse, 514 E. Thayer Ave., Bismarck, N.D. 58501, for plaintiff and appellee.

John F. Witzke (argued), self represented, 624 North 21st Street, Bismarck, N.D. 58501, defendant and appellant.

State v. Witzke

No. 20090068

Per Curiam.

[¶1] John F. Witzke appeals from a criminal judgment entered on a jury verdict convicting him of violating a disorderly conduct restraining order.  We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7).

[¶2] In 2006, the trial court granted Witzke’s neighbor a disorderly conduct restraining order against Witzke prohibiting him from calling, writing, visiting,  having messages delivered to, or engaging in disorderly conduct toward his neighbor.  Subsequently, the State charged Witzke with violating the order for posting signs directed toward his neighbor.  A jury convicted him on January 28, 2009. 

[¶3] On appeal, Witzke raises numerous arguments, including that the trial court erred when it did not have a pretrial conference; it granted the State’s pretrial motions in limine; it denied his motions to dismiss; it did not allow Witzke to explore facts at trial; and, it ordered him to take down his signs.  He also argues sufficient, competent evidence did not exist for a jury to find him guilty, and the Assistant State’s Attorney abused her discretion by prosecuting this case.  He also asked this Court to determine whether a sign is a delivered message.

[¶4] We have well established that, when a self-represented litigant appeals to this Court, the litigant must reasonably comply with the rules of appellate procedure, adequately brief the issues for appeal, and provide this Court with sufficient authority to support the arguments on appeal.  
See
 
Buchholz v. Barnes County Water Bd.
, 2008 ND 158, ¶ 13, 755 N.W.2d 472 (citation omitted) (“Judges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant’s position.”); 
State v. Noack
, 2007 ND 82, ¶¶ 8-9, 732 N.W.2d 389 (citation omitted) (recognizing that a self-represented litigant must reasonably comply with the rules of appellate procedure for this Court to review the trial court’s decision, and stating, “Judges are not expected to be psychics, with the ability to divine a party’s true intentions . . . .  The parties have the primary duty to bring to the court’s attention the proper rules of law applicable to a case.”); 
Owens v. State
, 2001 ND 15, ¶ 31, 621 N.W.2d 566 (VandeWalle, C.J., concurring) (“[W]e will not consider issues where there is a failure to cite supporting authority and briefing is inadequate.”).  Witzke did not adequately brief his issues for appeal, nor did he provide sufficient case law or other legal authority to support his arguments.  Because Witzke’s brief is inadequate and without sufficient citations to supporting authority, it is unnecessary for this Court’s holding to individually discuss each of the arguments he raised. 

[¶5] Witzke argues N.D.R.Crim.P. 17.1 supports his contention that the trial court should have held an additional pretrial conference.  Rule 17.1(c)(1), N.D.R.Crim.P., provides that “[o]n its own, or on a party’s motion, the court may hold one or more pretrial conferences—in addition to the omnibus hearing—to promote a fair and expeditious trial.”  The trial court has the discretion to decide whether to hold a pretrial conference.  Witzke had a pretrial conference and did not request an additional pretrial conference.  We hold the trial court did not abuse its discretion.  

[¶6] Witzke argues his conduct is protected by the First Amendment, but failed to offer any case law or legal authority to support his contention.  
See
 
Riemers v. O’Halloran
, 2004 ND 79, ¶ 6, 678 N.W.2d 547 (citation omitted) (“A party must do more than submit bare assertions to adequately raise constitutional issues” and “a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit.”); 
see also
 
State v. Boyle
, 2009 ND 156, ¶ 13 (upholding a disorderly conduct restraining order conviction and holding that the First Amendment did not apply to the speech). 

[¶7] Witzke argues that the Assistant State’s Attorney abused her discretion and violated the North Dakota Rules of Professional Conduct by prosecuting his case.  He offers no additional legal authority to support his proposition.  As we have previously held, a prosecutor may enjoy absolute immunity from civil liability due to the “initiation and pursuit of a criminal prosecution, the presentation of the state’s case at trial, and other conduct intimately associated with the judicial process.”  
Witzke v. City of Bismarck
, 2006 ND 160, ¶ 18, 718 N.W.2d 586 (citation omitted).  

[¶8] Witzke did not preserve the issue of sufficiency of the evidence because he did not move for a judgment of acquittal under N.D.R.Crim.P. 29.  
See
 
City of Bismarck v. Towne
, 1999 ND 49, ¶ 8, 590 N.W.2d 893 (“To preserve an issue of sufficiency of the evidence in a jury trial, the defendant must move the trial court for a judgment of acquittal under Rule 29, N.D.R.Crim.P.”).  

[¶9] The State requests sanctions alleging that Witzke improperly appended evidence and that his appeal is frivolous.  We decline to award sanctions.  

[¶10] Because the trial court did not abuse its discretion and previous controlling appellate decisions are dispositive, we summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7).  

[¶11] Gerald W. VandeWalle, C.J.

Mary Muehlen Maring

Daniel J. Crothers

Carol Ronning Kapsner

Ronald Goodman, S.J.

[¶12] The Honorable Ronald Goodman, S.J., sitting in place of Sandstrom, J., disqualified.