2010 ND 86

**John S. ERICKSON and Lila C. Erickson, Plaintiffs and Appellants**

v.

**Catherine B. ERICKSON, individually, and in her capacity as personal representative of the Estate of Marshall Erickson, deceased, Defendant and Appellee.**

No. 20090325.

Supreme Court of North Dakota.

May 11, 2010.

David R. Bliss and Jaclyn Marie Stebbins (appeared), Bismarck, ND, for plaintiffs and appellants.

Malcolm H. Brown, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] John and Lila Erickson appeal the district court's judgment dismissing their constructive fraud action against Catherine Erickson. We affirm, concluding John and Lila Erickson did not present evidence showing Marshall Erickson misled them into entering a 1998 contract for deed.

I

[¶ 2] John and Lila Erickson were married in 1956 and live on a family farm near Wilton, North Dakota. Three children were born of the marriage, with their son Marshall Erickson being the youngest. Marshall Erickson was married in 1981. The marriage produced a son before ending in divorce in 1996. In 1998, John and Lila Erickson sold their farm to Marshall Erickson by a contract for deed. The farm consisted of 1,585 acres, and the purchase price was $390,000. The contract for deed reserved a life estate for John and Lila Erickson, and a performance clause required John and Lila Erickson to convey the farm to Marshall Erickson by warranty deed when he satisfied his obligations under the contract. Affidavits submitted by John and Lila Erickson state, "Our intent is and always has been to keep this farm in the family. Marshall told us that this was his intent as well."

[¶ 3] In 2002, Marshall Erickson executed a will leaving his interest in the farm to John and Lila Erickson. In 2005, Marshall Erickson married Catherine Burke–Erickson. No prenuptial agreement was signed, but John Erickson claims that Marshall Erickson assured such a contract would be entered to ensure the farm stayed in the family.

[¶ 4] Marshall Erickson executed a second will on April 2, 2007, revoking his 2002 will and leaving all of his property to Catherine Erickson if she survived him. Marshall Erickson was diagnosed with a brain tumor on May 19, 2007 and died on September 7, 2008. John and Lila Erickson were unaware of Marshall Erickson's second will until after his death. Upon discovery of the second will, John and Lila Erickson informed Catherine Erickson of their intent to rescind the 1998 contract for deed. Catherine Erickson refused to rescind, instead tendering the balance on the contract for deed and demanding a warranty deed from John and Lila Erickson. Catherine Erickson also tendered a check to keep current the payments due John and Lila Erickson under the 1998 contract for deed. Both tenders were rejected by John and Lila Erickson.

[¶ 5] In December 2008, John and Lila Erickson sued Catherine Erickson for rescission of the 1998 contract for deed, alleging her predecessor, Marshall Erickson, constructively defrauded them into entering the 1998 contract for deed. The district court granted Catherine Erickson's motion for summary judgment, concluding John and Lila Erickson's action failed because a constructive fraud claim cannot lie unless it is shown "that the person claiming constructive fraud was misled in entering the contract." John and Lila Erickson timely filed this appeal.

## II

[¶ 6] John and Lila Erickson argue summary judgment dismissal of their constructive fraud claim was inappropriate because genuine issues of material fact exist concerning whether Marshall Erickson misled them into entering the 1998 contract for deed. John and Lila Erickson argue rescission is the appropriate remedy under Title 9 of the North Dakota Century Code. The standard of review for summary judgment is well-established, and this Court has explained:

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that reasonably can be drawn from the undisputed facts, or if the only issues to be resolved are questions of law. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 9, 699 N.W.2d 45. A party moving for summary judgment must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. *Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 5, 673 N.W.2d 257. On appeal, we view the evidence in the light most favorable to the opposing party, and that party must be given the benefit of all favorable inferences. *Ruggles v. Sabe*, 2003 ND 159, ¶ 2, 670 N.W.2d 356. We review a district court's decision to grant summary judgment de novo on the entire record. *Fetch v. Quam*, 2001 ND 48, ¶ 8, 623 N.W.2d 357."

*Witzke v. City of Bismarck*, 2006 ND 160, ¶ 7, 718 N.W.2d 586.

[¶ 7] In North Dakota, a valid contract must have capable and consenting parties, a lawful object and sufficient cause or consideration. N.D.C.C. § 9–01–02. The parties' consent must be free, mutual and communicated by each to the other. N.D.C.C. § 9–03–01. A party's apparent consent is not free when it is obtained through fraud, and fraud can be either actual or constructive. N.D.C.C. §§ 9–03–03(3) and 9–03–07.

[¶ 8] Persons alleging actual or constructive fraud seek to invalidate contracts by arguing consent was not freely obtained. *See* N.D.C.C. § 9–03–01(1) (parties' consent to a contract must be free); § 9–03–03(3) (consent is not free when ob-

tained through fraud); § 9–03–07 ("Fraud is either actual or constructive."). The most significant difference between the two claims is that actual fraud requires proof of an intent to deceive, while constructive fraud requires no proof of such intent. N.D.C.C. §§ 9–03–08 and 9–03–09(1). Although actual and constructive fraud both invalidate a party's apparently free consent to a contract, the two types of fraud differ in the source of injury they address. Actual fraud confronts situations where one party intentionally misrepresents or conceals facts from another contracting party. N.D.C.C. § 9–03–08. Constructive fraud confronts situations where the source of the claimant's injury is the breach of an existing duty between the contracting parties. N.D.C.C. § 9–03–09(1). As this Court stated in *Fire Ass'n of Philadelphia v. Vantine Paint & Glass Co.*:

"Constructive fraud ... rests upon presumption and rests less upon furtive intent than does [actual] fraud. It is presumed from the relation of the parties to a transaction or from the circumstances under which it takes place."

133 N.W.2d 426, 431 (N.D.1965) (quotation omitted).

[¶ 9] John and Lila Erickson argue the 1998 contract for deed should be rescinded because Marshall Erickson misled them into entering the contract by: 1) indicating his intent was to keep the farm in the family during negotiations leading to the 1998 contract for deed, 2) executing a 2002 will devising the farm to John and Lila Erickson and 3) promising before his second marriage that his future wife would sign a prenuptial agreement. Constructive fraud exists:

"1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under that person, by

misleading another to the other's prejudice or to the prejudice of anyone claiming under the other; or

"2. In any such act or omission as the law specially declares to be fraudulent without respect to actual fraud."

N.D.C.C. § 9–03–09. Because constructive fraud negates a party's apparent consent to the formation of a contract, the claim can succeed only if a party was misled before or while entering a contract. *See, e.g., Asleson v. West Branch Land Co.*, 311 N.W.2d 533, 537 (N.D.1981) (finding constructive fraud after analyzing circumstances leading to land-sale contract). Therefore, analyzing a claim of constructive fraud requires reviewing the circumstances leading to the formation of the contract and determining if one party breached a duty—that is, they were misled, by representations of another. *Id.* Here, John and Lila Erickson had no evidence that Marshall Erickson used misrepresentations to induce their entry into the 1998 contract for deed. To the contrary, John and Lila Erickson submitted affidavits indicating Marshall Erickson's plan when he executed the contract for deed was to keep the farm in the family.

[¶ 10] Further, Marshall Erickson's stated plan was to keep the farm in the family and there is no evidence his statements were misrepresentations. *See Witzke*, 2006 ND 160, ¶ 7, 718 N.W.2d 586 (holding summary judgment is appropriate "if there are no genuine issues of material fact or inferences that reasonably can be drawn from the undisputed facts"). The only evidence cited to us in support of the claim Marshall Erickson misrepresented his plans for the farm when negotiating the 1998 contract for deed is his 2007 will leaving the farm to his current wife, Catherine Erickson. That act in 2007 provides no evidence that Marshall Erickson violated a duty to his parents in 1998. The

district court properly granted Catherine Erickson's motion for summary judgment because no evidence indicated Marshall Erickson misled John and Lila Erickson into entering the 1998 contract for deed. It is apparent that Marshall Erickson's expectation when he entered the 1998 contract for deed was to keep the farm in the family. Constructive fraud can be a basis to rescind a contract formed with ineffective consent obtained through misrepresentations; it cannot be a basis to rescind a contract formed with free and effective consent because a contracting party changes his or her mind after entering the contract. N.D.C.C. § 9-03-09.

## III

[¶ 11] The district court's judgment dismissing John and Lila Erickson's constructive fraud claim is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.