2012 ND 60

Ania Diaz GONZALEZ, a/k/a Ania Diaz Gonzales, Petitioner and Appellee,

v.

John WITZKE, Respondent and Appellant.

No. 20110221.

Supreme Court of North Dakota.

March 15, 2012.

Rehearing Denied April 10, 2012.

Ania Diaz Gonzalez, self-represented (on brief), Bismarck, N.D., petitioner and appellee.

John F. Witzke, self-represented (on brief), Bismarck, N.D., respondent and appellant.

SANDSTROM, Justice.

[¶ 1]   John Witzke appeals from the district court's order granting a petition by Ania Gonzalez for a two-year disorderly conduct restraining order against him. We affirm, concluding Gonzalez presented sufficient evidence to support the restraining order and the district court did not abuse its discretion in granting the order.

I

[¶ 2]   Witzke and Gonzalez are neighbors with a long acrimonious history, which has resulted in frequent litigation. *See, e.g., State v. Witzke*, 2009 ND 169, 776 N.W.2d 232; *Gonzales v. Witzke*, 2007 ND 34, 729 N.W.2d 334; *Witzke v. Gonzales*, 2007 ND 191, 742 N.W.2d 840; *Witzke v. Gonzales*, 2006 ND 213, 722 N.W.2d 374.

[¶ 3]   On June 23, 2011, Gonzalez petitioned the district court for a disorderly conduct restraining order against Witzke, alleging that he harassed her by using a video camera to record her, that he called her a "troll" and a "perjurer" during a confrontation on June 19, 2011, and that she feared for her and her family's safety. In her petition, Gonzalez also stated she previously had obtained a disorderly conduct restraining order against Witzke in 2006, and in 2009 a jury found him guilty of violating the order. *See Gonzales v. Witzke*, 2007 ND 34, ¶ 1, 729 N.W.2d 334; *State v. Witzke*, 2009 ND 169, ¶¶ 1–2, 776 N.W.2d 232.  On June 23, 2011, the district court granted Gonzalez a temporary disorderly conduct restraining order against Witzke, and an officer of the Burleigh County Sheriff's Department served him with a copy of the temporary order that day.

[¶ 4]   On June 30, 2011, the district court held a hearing on the petition.  Gonzalez testified that on June 19, 2011, she trimmed some of Witzke's tree branches that hung over her fence, separating the parties' properties, to prevent damage to the fence.  She also testified he used a video camera to record her actions, and he called her a "troll" and a "perjurer."  She testified she instructed her mother to get a tape recorder, and Gonzalez recorded Witzke calling her a "troll" and a "perjurer."  She played the tape for the court at the hearing.  She further testified Witzke's actions made her feel harassed and fearful of him.  Witzke testified he did not call Gonzalez a "troll" or a "perjurer," and his neighbor, who was outside during the confrontation, testified he did not hear Witzke call Gonzalez a "troll" or a "perjurer."

[¶ 5]   The district court granted a disorderly conduct restraining order against Witzke for two years, concluding that Witzke had called Gonzalez a "troll" and a "perjurer" and that he had used a video camera to record her.  Under the restraining order, the district court prohibited Witzke from: 1) having any physical contact with or coming within fifty feet of Gonzalez; 2) calling, writing, or having messages delivered to her, except through an attorney; 3) entering her premises; 4) taking or damaging any of her property; or 5) committing any disorderly conduct directed at her.

[¶ 6]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 12.1–31.2–01(2) and 27–05–06. Witzke timely appealed under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 7] Witzke argues the district court abused its power in granting Gonzalez a temporary disorderly conduct restraining order against him and abused its discretion in granting her a two-year disorderly conduct restraining order against him. He also argues Gonzalez lied to a police officer and committed perjury at the hearing.

[¶ 8] A district court has discretion to grant a disorderly conduct restraining order and to conduct a hearing on a petition for an order. *Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 22, 705 N.W.2d 836. We will not reverse a district court's decision to grant a restraining order or to conduct a hearing unless the court abused its discretion. *Id.* A district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *State v. Blunt*, 2011 ND 127, ¶ 10, 799 N.W.2d 363.

### A

[¶ 9] Witzke argues the district court abused its power in granting Gonzalez a temporary disorderly conduct restraining order against him on June 23, 2011.

[¶ 10] " 'Disorderly conduct' means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disorderly conduct does not include constitutionally protected activity." N.D.C.C. § 12.1–31.2–01(1). A district court may grant a temporary disorderly conduct restraining order "without giving notice to the respondent" and "pending a full hearing" if the petitioner "alleges reasonable grounds to believe that an individual has engaged in disorderly conduct." N.D.C.C. § 12.1–31.2–01(4). "The term 'reasonable grounds' is synonymous with 'probable cause.' " *Cusey v. Nagel*, 2005 ND 84, ¶ 6, 695 N.W.2d 697; *Wetzel*, 2005 ND 190, ¶ 17, 705 N.W.2d 836. Reasonable grounds exist for issuing a restraining order "when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed." *Wetzel*, at ¶ 17 (quoting *Wishnatsky v. Huey*, 1997 ND 35, ¶ 14, 560 N.W.2d 878).

[¶ 11] Under N.D.C.C. § 12.1–31.2–01(3), in order for a petitioner to obtain a temporary disorderly conduct restraining order, he or she must complete a petition for relief and "allege facts sufficient to show the name of the alleged victim, the name of the individual engaging in the disorderly conduct, and that the individual engaged in disorderly conduct." In addition, a petitioner must provide in a sworn affidavit "the specific facts and circumstances supporting the relief sought." *Id.*

[¶ 12] In her sworn petition, Gonzalez alleged facts that a court could find sufficient to show Witzke engaged in disorderly conduct against her. Specifically, she alleged Witzke recorded her with a video camera while she trimmed some of Witzke's tree branches that hung over her fence. She also alleged he called her a "troll" and a "perjurer," and she felt harassed by and fearful of him. *See Skadberg v. Skadberg*, 2002 ND 97, ¶¶ 8, 10, 644 N.W.2d 873 (A "person of reasonable caution could believe acts constituting disorderly conduct had been committed" when the petitioner testified to receiving telephone calls from the respondent using "obscene language" in an "angry" tone). She further alleged she previously had been granted a disorderly conduct restraining order against Witzke in 2006, which the

State charged him with violating in 2009. *See State v. Witzke*, 2009 ND 169, 776 N.W.2d 232.

[¶ 13] A person of reasonable caution could believe that Witzke intended his oral statements and his video recording of Gonzalez to affect her safety, security, or privacy. *See Skadberg*, 2002 ND 97, ¶¶ 8, 10, 644 N.W.2d 873. As a result, Gonzalez alleged reasonable grounds for the district court to believe Witzke engaged in disorderly conduct under N.D.C.C. § 12.1–31.2–01(4). *See Wetzel*, 2005 ND 190, ¶ 17, 705 N.W.2d 836. Because Gonzalez met the statutory requirements under N.D.C.C. § 12.1–31.2–01(3) in seeking a petition for relief and because N.D.C.C. § 12.1–31.2–01(4) authorizes a district court to issue a temporary disorderly conduct restraining order without first giving notice to the respondent, we conclude the district court did not abuse its discretion in granting Gonzalez a temporary disorderly conduct restraining order against Witzke.

### B

[¶ 14] Witzke argues the district court abused its discretion in granting Gonzalez a two-year restraining order against him.

[¶ 15] A district court may grant a disorderly conduct restraining order if a petitioner complies with the procedural requirements of N.D.C.C. § 12.1–31.2–01(5), and if, after a hearing, the court finds "there are reasonable grounds to believe that the respondent has engaged in disorderly conduct." N.D.C.C. § 12.1–31.2–01(5)(d). The procedural requirements under N.D.C.C. § 12.1–31.2–01(5) include:

> The court may grant a disorderly conduct restraining order ordering the respondent to cease or avoid the disorderly conduct or to have no contact with the applicant if:

a. A person files a petition under subsection 3;

b. The sheriff serves the respondent with a copy of the temporary restraining order issued under subsection 4 and with notice of the time and place of the hearing;

c. The court sets a hearing for not later than fourteen days after issuance of the temporary restraining order unless the time period is extended upon written consent of the parties, or upon a showing that the respondent has not been served with a copy of the temporary restraining order despite the exercise of due diligence; and

d. The court finds after the hearing that there are reasonable grounds to believe that the respondent has engaged in disorderly conduct. If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.

[¶ 16] We conclude the procedural requirements of that statute were met because Gonzalez "file[d] a petition under subsection 3" on June 23, 2011, a sheriff's deputy served Witzke that day "with a copy of the temporary restraining order issued under subsection 4 and with notice of the time and place of the hearing," and the district court set a hearing date of June 30, 2011, less than fourteen days "after the issuance of the temporary restraining order."

[¶ 17] We next consider whether the district court abused its discretion under N.D.C.C. § 12.1–31.2–01(5)(d) in finding reasonable grounds to believe Witzke engaged in disorderly conduct against Gonzalez.

[¶ 18] Before a district court may grant a restraining order, "the petitioner's case must be proven before the court in a full hearing." *Wetzel*, 2005 ND 190, ¶ 23, 705 N.W.2d 836 (citing N.D.C.C. § 12.1–31.2–01(4)). Petitioners must prove their case "through testimony, rather than by affidavits alone, with an opportunity for cross-examination." *Id.*

[¶ 19] The district court conducted a full hearing on June 30, 2011, and before Gonzalez presented oral testimony in support of her petition, Witzke argued the United States Constitution protected the oral statements he allegedly made to Gonzalez. He argued the statements did not constitute "fighting words," and they were not intended to affect the safety, security, or privacy of Gonzalez. He argued the words did not seriously cause her fear because if they had, she would have called for the police instead of instructing her mother to bring her a tape recorder to record his alleged statements.

[¶ 20] "If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity." N.D.C.C. § 12.1–31.2–01(5)(d). The district court considered Witzke's constitutional argument and concluded his words were not protected speech. The court said Witzke had no legitimate reason for using the words and intended only to harass Gonzalez.

[¶ 21] After considering Witzke's constitutional argument, the district court permitted Gonzalez to testify in support of her petition, subject to cross-examination. *See Wetzel*, 2005 ND 190, ¶ 23, 705 N.W.2d 836 ("[P]etitioner must prove his petition through testimony, rather than by affidavits alone, with an opportunity for cross-examination."). Because of the stigma and consequences associated with a disorderly conduct restraining order, we have repeatedly stressed that a petitioner requesting "a disorderly conduct restraining order must allege specific facts or threats." *Cusey*, 2005 ND 84, ¶¶ 7, 11, 695 N.W.2d 697. "It is insufficient to show the person's actions are unwanted; rather, the petitioner must show specific unwanted acts that are intended to affect the safety, security, or privacy of another person." *Id.* at ¶ 7; *see also Tibor v. Lund*, 1999 ND 176, ¶ 9, 599 N.W.2d 301. "All that is required under the statute are 'reasonable grounds to believe that the respondent has engaged in disorderly conduct.'" *Wetzel*, at ¶ 19 (citing N.D.C.C. § 12.1–31.2–01(5)(d)). "In other words, an objective, reasonable person must believe the respondent has engaged in [disorderly conduct]." *Id.*

[¶ 22] Gonzalez testified at the hearing that Witzke called her "a troll twice and a perjurer once" on June 19, 2011. She also testified Witzke used a video camera to record her and her mother in her yard. Gonzalez further testified she previously installed security cameras outside her residence, as a result of Witzke's alleged ongoing harassing behavior, to capture Witzke's actions toward her. She testified, "I feel harassed to the extent that I can't even go outside and mow the lawn. . . . Whenever I'm outside I get yelled at." Gonzalez also testified Witzke's statements made her feel fearful. Gonzalez played a tape recording of oral statements made by Witzke to her on June 19, 2011. After listening to the tape recording and considering the other evidence before it, the district court granted Gonzalez a two-year disorderly conduct restraining order against Witzke, finding Witzke had called Gonzalez a "troll" and a "perjurer," and Witzke had used a video camera to record Gonzalez, which, though not illegal in itself, adversely affected her security and privacy. The court said, "I can't think of no

[sic] other reason to adversely affect the security or the privacy of Ms. Gonzalez." The district court concluded Witzke's actions toward Gonzalez fell within the definition of disorderly conduct under N.D.C.C. § 12.1–31.2–01(1). The court also acknowledged Gonzalez previously had obtained a disorderly conduct restraining order against Witzke in 2006, establishing a pattern of behavior.

[¶ 23] Although Gonzalez argued at the hearing that she had been having problems with Witzke since 2001, she petitioned for the disorderly conduct restraining order after a confrontation on June 19, 2011. A single occurrence of disorderly conduct may be sufficient for a district court to grant a disorderly conduct restraining order. *Wetzel*, 2005 ND 190, ¶ 21, 705 N.W.2d 836. A "pattern" of disorderly conduct is not required. *Id.* "The statute's use of plural words such as acts, words, and gestures does not mean that a pattern of behavior is required." *Id.* at ¶ 19. "A statute's use of a singular or plural word includes its opposite, unless there is a plain intention to do otherwise." *Id.* (citing N.D.C.C. § 1–01–35). The disorderly conduct restraining order "civil remedy cannot be denied [to] people whose safety, security, or privacy has been intruded upon simply because the respondent's actions occurred at one time." *Id.* at ¶ 20.

[¶ 24] Even though a district court is not required to find a pattern of behavior when issuing a disorderly conduct restraining order, the court may make a finding when a pattern of behavior is present. *See Skadberg*, 2002 ND 97, ¶ 10, 644 N.W.2d 873 (the district court did not err in ruling a pattern of telephone calls was disorderly conduct under the statute). A district court may grant a disorderly conduct restraining order as long as it finds "reasonable grounds to believe that the respondent has engaged in disorderly conduct." N.D.C.C. § 12.1–31.2–01(5)(d). Here there was evidence of a 2006 confrontation between these parties which resulted in a disorderly conduct restraining order against Witzke. The district court need not operate in a vacuum and could consider Witzke's prior pattern of behavior toward Gonzalez. *See Cave v. Wetzel*, 545 N.W.2d 149, 152 (N.D.1996) (the district court did not err in concluding a pattern of hang-up telephone calls "served no purpose but to harass and intimidate").

[¶ 25] Witzke's oral statements about a "troll" and a "perjurer," by themselves, may not establish reasonable grounds to conclude he engaged in disorderly conduct. *But see Cave*, 545 N.W.2d at 151 (quoting *Williams v. Spilovoy*, 536 N.W.2d 383, 385 (N.D.1995) ("[I]n some instances, 'mere presence is sufficient to cause such emotional stress as to adversely affect the safety, security, or privacy of the other person.'")). In this instance, however, considering Witzke's statements coupled with his video recording of Gonzalez and her mother in Gonzalez's yard as well as his pattern of behavior toward Gonzalez dating back to 2006, we conclude there is sufficient evidence to establish reasonable grounds to believe Witzke engaged in disorderly conduct. *See id.* at 152; *Skadberg*, 2002 ND 97, ¶ 10, 644 N.W.2d 873. A reasonable person could conclude Witzke engaged in disorderly conduct under N.D.C.C. § 12.1–31.2–01(1) because his behavior was intrusive and unwanted and he intended to affect the safety, security, or privacy of Gonzalez. We therefore conclude the district court did not abuse its discretion in granting Gonzalez a disorderly conduct restraining order against Witzke.

C

[¶ 26] Witzke argues Gonzalez lied to a police officer and committed perjury at the

hearing. Witzke's appellate brief accuses Gonzalez multiple times of lying and committing perjury, but he has provided no citation to the record to support his claims. Rather, his claims are unsupported and do not include any specific errors made by the district court. The district court found Gonzalez credible and that Witzke called her a "troll" and a "perjurer." On appeal, we do not weigh conflicting evidence or judge the credibility of witnesses. *State v. Barth*, 2005 ND 134, ¶ 7, 702 N.W.2d 1. We conclude Witzke's claims are without merit.

### III

[¶ 27] We affirm the disorderly conduct restraining order.

[¶ 28] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.