Per Curiam.
 

 [¶1] In December 2017, Jon Tollefson filed a complaint alleging various causes of action including defamation and unpaid wages related to his termination from employment with Haga Kommer Ltd. All claims, aside from defamation and unpaid wages, were dismissed for failure to state a claim. In July 2018, the district court granted the defendants' motion for summary judgment on the defamation and unpaid wages claims. The district court found Tollefson's claims to be frivolous under N.D.C.C. § 28-26-31 and awarded the defendants their attorney fees and costs.
 

 [¶2] On appeal, Tollefson argues he was not given proper notice of a number of events and/or proceedings in the district court, including the summary judgment motion and hearing. We summarily affirm under N.D.R.App.P. 35.1(a)(7), concluding that the record reflects that Tollefson was provided with notice of the events and/or proceedings in the district court.
 
 State v. White
 
 ,
 
 2018 ND 58
 
 , ¶ 10,
 
 907 N.W.2d 765
 
 (service of a motion may be made by mailing a document to the person's last known address). Tollefson also alleges that a number of procedural irregularities resulted in the violation of his constitutional rights. A review of the record indicates no procedural irregularities. We summarily affirm under N.D.R.App.P. 35.1(a)(4), finding no abuse of discretion by the district court.
 

 [¶3] Finally, we conclude Tollefson's appeal is frivolous and without merit, and therefore we summarily affirm under N.D.R.App.P. 35.1(a)(1).
 
 See
 

 Witzke v. City of Bismarck
 
 ,
 
 2006 ND 160
 
 , ¶ 19,
 
 718 N.W.2d 586
 
 (stating that an appeal is frivolous "if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith"). Because Tollefson's appeal is frivolous, we award the appellees double costs incurred on appeal.
 
 See
 
 N.D.R.App.P. 38 (providing that this Court may award just damages and single or double costs, including reasonable attorney fees, if it determines an appeal is frivolous).
 

 [¶4] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 James Gion, D.J.
 

 Daniel El-Dweek, D.J.
 

 [¶5] The Honorable Daniel El-Dweek, D.J., and the Honorable James Gion, D.J., sitting in place of Crothers, J., and McEvers, J., disqualified.